# Exhibit A

S.B. No. 1

1                           AN ACT

2   relating to election integrity and security, including by

3   preventing fraud in the conduct of elections in this state;

4   increasing criminal penalties; creating criminal offenses.

5        BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

6                  ARTICLE 1.  GENERAL PROVISIONS

7        SECTION 1.01.  SHORT TITLE.  This Act may be cited as the

8   Election Integrity Protection Act of 2021.

9        SECTION 1.02.  PURPOSE.  The purpose of this Act is to

10  exercise the legislature's constitutional authority under Section

11  4, Article VI, Texas Constitution, to make all laws necessary to

12  detect and punish fraud.

13       SECTION 1.03.  FINDINGS.  The legislature finds that:

14            (1)  full, free, and fair elections are the

15  underpinnings of a stable constitutional democracy;

16            (2)  fraud in elections threatens the stability of a

17  constitutional democracy by undermining public confidence in the

18  legitimacy of public officers chosen by election;

19            (3)  reforms are needed to the election laws of this

20  state to ensure that fraud does not undermine the public confidence

21  in the electoral process;

22            (4)  the reforms to the election laws of this state made

23  by this Act are not intended to impair the right of free suffrage

24  guaranteed to the people of Texas by the United States and Texas

1

S.B. No. 1

1 Constitutions, but are enacted solely to prevent fraud in the

2 electoral process and ensure that all legally cast ballots are

3 counted.  Integral to the right to vote is the assurance of voter

4 access and the right for all votes legally cast to be counted;

5           (5)  additionally, preventing a valid vote from being

6 counted violates the basic constitutional rights guaranteed to each

7 citizen by the United States Constitution; and

8           (6)  providing for voter access and increasing the

9 stability of a constitutional democracy ensures public confidence

10 in the legitimacy of public officers chosen by election.

11      SECTION 1.04.  Chapter 1, Election Code, is amended by

12 adding Section 1.0015 to read as follows:

13      Sec. 1.0015.  LEGISLATIVE INTENT.  It is the intent of the

14 legislature that the application of this code and the conduct of

15 elections be uniform and consistent throughout this state to reduce

16 the likelihood of fraud in the conduct of elections, protect the

17 secrecy of the ballot, promote voter access, and ensure that all

18 legally cast ballots are counted.

19      SECTION 1.05.  Section 1.003, Election Code, is amended by

20 adding Subsection (a-1) to read as follows:

21      (a-1)  Election officials and other public officials shall

22 strictly construe the provisions of this code to effect the intent

23 of the legislature under Section 1.0015.

24      SECTION 1.06.  Section 1.005, Election Code, is amended by

25 amending Subdivision (4-a) and adding Subdivision (4-b) to read as

26 follows:

27           (4-a)  "Election official" means:

S.B. No. 1

1          (A)  a county clerk;

2          (B)  a permanent or temporary deputy county clerk;

3          (C)  an elections administrator;

4          (D)  a  permanent  or  temporary  employee  of  an
5 elections administrator;

6          (E)  an election judge;

7          (F)  an alternate election judge;

8          (G)  an early voting clerk;

9          (H)  a deputy early voting clerk;

10         (I)  an election clerk;

11         (J)  the presiding judge of an early voting ballot
12 board;

13         (K)  the  alternate  presiding  judge  of  an  early
14 voting ballot board;

15         (L)  a member of an early voting ballot board;

16         (M)  the  chair  of  a  signature  verification
17 committee;

18         (N)  the  vice  chair  of  a  signature  verification
19 committee;

20         (O)  a  member  of  a  signature  verification
21 committee;

22         (P)  the  presiding  judge  of  a  central  counting
23 station;

24         (Q)  the  alternate  presiding  judge  of  a  central
25 counting station;

26         (R)  a central counting station manager;

27         (S)  a central counting station clerk;

S.B. No. 1

1            (T)  a tabulation supervisor;

2            (U)  an assistant to a tabulation supervisor; and

3            (V)  a chair of a county political party holding a

4    primary election or a runoff primary election.

5        (4-b)  "Federal judge" means:

6            (A)  a judge, former judge, or retired judge of a

7    United States court of appeals;

8            (B)  a judge, former judge, or retired judge of a

9    United States district court;

10            (C)  a judge, former judge, or retired judge of a

11    United States bankruptcy court; or

12            (D)  a magistrate judge, former magistrate judge,

13    or retired magistrate judge of a United States district court.

14        SECTION 1.07.  Section 1.018, Election Code, is amended to

15    read as follows:

16        Sec. 1.018.  APPLICABILITY OF PENAL CODE.  In addition to

17    Section 1.03, Penal Code, and to other titles of the Penal Code that

18    may apply to this code, Titles 2 and [Title] 4, Penal Code, apply

19    [applies] to offenses prescribed by this code.

20        SECTION 1.08.  Chapter 1, Election Code, is amended by

21    adding Section 1.022 to read as follows:

22        Sec. 1.022.  REASONABLE ACCOMMODATION OR MODIFICATION.  A

23    provision of this code may not be interpreted to prohibit or limit

24    the right of a qualified individual with a disability from

25    requesting a reasonable accommodation or modification to any

26    election standard, practice, or procedure mandated by law or rule

27    that the individual is entitled to request under federal or state

S.B. No. 1

1 law.

2          ARTICLE 2.  REGISTRATION OF VOTERS

3      SECTION 2.01.  Section 13.002, Election Code, is amended by

4 adding Subsection (c-1) to read as follows:

5      (c-1)  The information required under Subsections (c)(3),

6 (4), (5), (6), and (8) must be supplied by the person desiring to

7 register to vote.

8      SECTION 2.02.  Section 13.007, Election Code, is amended to

9 read as follows:

10     Sec. 13.007.  FALSE STATEMENT ON APPLICATION.  (a)  A person

11 commits an offense if the person knowingly or intentionally:

12          (1)  makes a false statement; or

13          (2)  requests, commands, coerces, or attempts to induce

14 another  person  to  make  a  false  statement  on  a  registration

15 application.

16     (b)  An  offense  under  this  section  is  a  Class  A  [B]

17 misdemeanor, except that an offense under this section is a state

18 jail felony if the person:

19          (1)  directly  or  through  a  third  party  offers  or

20 provides  compensation  or  other  benefit  to  a  person  for  activity

21 described by Subsection (a); or

22          (2)  solicits,  receives,  or  accepts  compensation  or

23 other benefit for an activity described by Subsection (a).

24     (c)  If  conduct  that  constitutes  an  offense  under  this

25 section also constitutes an offense under another law, the actor

26 may be prosecuted under this section, the other law, or both. [For

27 purposes of this code, an offense under this section is considered

5

S.B. No. 1

1   to be perjury, but may be prosecuted only under this section.]

2        SECTION 2.03.  Section 15.021, Election Code, is amended by

3   amending Subsections (b) and (d) and adding Subsections (d-1) and

4   (d-2) to read as follows:

5        (b)  Except as provided by Subsection (d), the [The] voter

6   shall  use  the  registration  certificate  or  a  registration

7   application form as the notice, indicating the correct information

8   in  the  appropriate  space  on  the  certificate  or  application form

9   unless the voter does not have possession of the certificate or an

10  application form at the time of giving the notice.

11       (d)  A voter [who continues to reside in the county in which

12  the voter is registered] may correct information under this section

13  by  digital  transmission  of  the  information  under  a  program

14  administered  by  the  secretary  of  state  and  the  Department  of

15  Information Resources.

16       (d-1)  If the notice indicates that a voter no longer resides

17  in the county in which the voter is registered, the registrar shall

18  forward the notice and the voter's application for registration to

19  the  registrar  of  the  county  in  which  the  voter  resides.  The

20  registrars  shall  coordinate  to  ensure  that  the  voter's  existing

21  registration is canceled immediately after the voter is registered

22  in  the  county  in  which  the  voter  resides  in  accordance  with

23  Subsection (d-2).

24       (d-2)  A  registrar  who  receives  a  voter's  notice  and

25  application from another registrar under Subsection (d-1) shall

26  treat it as an original application for registration under Section

27  13.002, and shall register the voter if the voter resides in the

S.B. No. 1

1  county and is otherwise eligible under Section 13.001.

2       SECTION 2.04.  Section 15.028, Election Code, is amended to

3  read as follows:

4       Sec. 15.028.  NOTICE OF UNLAWFUL VOTING OR REGISTRATION [TO

5  PROSECUTOR].  [(a)]  If the registrar determines that a person who

6  is not eligible to vote registered to vote or [a registered voter]

7  voted in an election, the registrar shall, within 72 hours not

8  including weekends after making the determination, execute and

9  deliver to the attorney general, the secretary of state, and the

10 county or district attorney having jurisdiction in the territory

11 covered by the election an affidavit stating the relevant facts.

12      [(b)  If the election covers territory in more than one

13 county, the registrar shall also deliver an affidavit to the

14 attorney general.]

15      SECTION  2.05.  Section 16.0332, Election Code, is amended

16 by amending Subsection (a) and adding Subsections (a-1), (d), and

17 (e) to read as follows:

18      (a)  After  the  registrar  receives  notification [a list]

19 under Subsection (a-1) of this section, Section 18.068 of this

20 code, or Section 62.113, Government Code, of persons excused or

21 disqualified from jury service because of citizenship status or

22 notification of persons who indicate a lack of citizenship status

23 in connection with a motor vehicle or Department of Public Safety

24 record as provided by Subsection (a-1), the registrar shall deliver

25 to each registered voter whose name appears on the list a written

26 notice requiring the voter to submit to the registrar proof of

27 United States citizenship in the form of a certified copy of the

7

S.B. No. 1

1  voter's birth certificate, United States passport, or certificate

2  of naturalization or any other form prescribed by the secretary of

3  state.  The notice shall be delivered by forwardable mail to the

4  mailing address on the voter's registration application and to any

5  new address of the voter known to the registrar.

6      (a-1)  The secretary of state shall enter into an agreement

7  with the Department of Public Safety under which information in the

8  existing  statewide  computerized  voter  registration  list  is

9  compared against information in the database of the Department of

10 Public  Safety  on  a  monthly  basis  to  verify  the  accuracy  of

11 citizenship  status  information  previously  provided  on  voter

12 registration  applications.   In  comparing  information  under  this

13 subsection,  the  secretary  of  state  shall  consider  only  a  voter's

14 information in the database of the Department of Public Safety that

15 was derived from documents presented by the voter to the department

16 after the person's current voter registration became effective, and

17 may not  consider  information  derived  from  documents  presented  by

18 the  voter  to  the  department  before  the  person's  current  voter

19 registration became effective.

20     (d)  The secretary of state shall prescribe rules for the

21 administration of this section.

22     (e)  Not later than December 31 of each year, the secretary

23 of state shall provide a report to the legislature of the number of

24 voter registrations canceled under this section during the calendar

25 year.

26     SECTION 2.06.  Section 18.065, Election Code, is amended by

27 adding Subsections (e), (f), (g), (h), and (i) to read as follows:

S.B. No. 1

1 (e) If the secretary of state determines that a voter

2 registrar is not in substantial compliance with a requirement

3 imposed on the registrar by a provision or rule described in

4 Subsection (a), the secretary of state shall:

5  (1) for the first violation, require the registrar to

6 attend a training course under Subsection (h);

7  (2) for the second violation, audit the voter

8 registration list for the county in which the registrar serves to

9 determine the actions needed to achieve substantial compliance

10 under Subsection (a) and provide the results of the audit to the

11 registrar; or

12  (3) for a third or subsequent violation, if the

13 secretary of state determines that the registrar has not performed

14 any overt actions in pursuance of compliance with the actions

15 identified under Subdivision (2) as necessary for the registrar to

16 achieve substantial compliance under Subsection (a) within 14 days

17 of receiving the results of the audit conducted under that

18 subsection, inform the attorney general that the county which the

19 registrar serves may be subject to a civil penalty under Subsection

20 (f).

21 (f) A county is liable to this state for a civil penalty of

22 $1,000 for each day after the 14th day following the receipt of the

23 results of the audit conducted under Subsection (e)(2) that the

24 county's voter registrar fails to take overt action to comply with

25 the actions identified under that subsection as necessary for the

26 registrar to achieve substantial compliance under Subsection (a).

27 The attorney general may bring an action to recover a civil penalty

S.B. No. 1

1 imposed under this section.

2 (g)  A civil penalty collected by the attorney general under
3 this section shall be deposited in the state treasury to the credit
4 of the general revenue fund.

5 (h)  The secretary of state shall develop and implement a
6 training course for registrars on substantial compliance with
7 Sections 15.083, 16.032, and 18.061 and with rules implementing the
8 statewide computerized voter registration list.

9 (i)  The secretary of state shall adopt rules and prescribe
10 procedures for the implementation of this section.

11 SECTION 2.07.  Section 18.068, Election Code, is amended by
12 amending Subsection (a) and adding Subsection (a-1) to read as
13 follows:

14 (a)  The secretary of state shall quarterly compare the
15 information received under Section 16.001 of this code and Sections
16 [Section] 62.113 and 62.114, Government Code, to the statewide
17 computerized voter registration list.  If the secretary determines
18 that a voter on the registration list is deceased or has been
19 excused or disqualified from jury service because the voter is not a
20 citizen or a resident of the county in which the voter is registered
21 to vote, the secretary shall send notice of the determination
22 to the voter registrar of the counties considered appropriate by
23 the secretary.

24 (a-1)  The secretary of state is not required to send notice
25 under Subsection (a) for a voter who is subject to an exemption from
26 jury service under Section 62.106, Government Code, if that
27 exemption is the only reason the voter is excused from jury service.

S.B. No. 1

1    SECTION 2.08.  Section 31.006, Election Code, is amended to

2 read as follows:

3    Sec. 31.006.  REFERRAL [OF COMPLAINT] TO ATTORNEY GENERAL.

4 (a)  If, after receiving or discovering information indicating that

5 [a complaint alleging] criminal conduct in connection with an

6 election has occurred, the secretary of state determines that there

7 is reasonable cause to suspect that [the alleged] criminal conduct

8 occurred,  the  secretary  shall  promptly  refer  the  information

9 [complaint] to the attorney general.  The secretary shall deliver

10 to the attorney general all pertinent documents and information in

11 the secretary's possession.

12    (b)  The  documents  and  information  submitted  under

13 Subsection (a) are not considered public information until:

14        (1)  the secretary of state makes a determination that

15 the  information  [complaint]  received  does  not  warrant  an

16 investigation; or

17        (2)  if referred to the attorney general, the attorney

18 general has completed the investigation or has made a determination

19 that  the  information  [complaint]  referred  does  not  warrant  an

20 investigation.

21    SECTION 2.09.  Subchapter B, Chapter 87, Election Code, is

22 amended by adding Section 87.028 to read as follows:

23    Sec. 87.028.  ACCESS  TO  INFORMATION.   (a)  On  request,  a

24 county election official shall provide to a member of an early

25 voting  ballot  board  all  available  information  necessary  to

26 fulfilling the functions of the board, including any information

27 from  the  statewide  computerized  voter  registration  list  under

S.B. No. 1

1  Section 18.061.

2       (b)  On request, a county election official shall provide to

3  a  member  of  a  signature  verification  committee  all  available

4  information necessary to fulfilling the functions of the committee,

5  including  any  information  from  the  statewide  computerized  voter

6  registration list under Section 18.061.

7       (c)  The secretary of state shall adopt rules as necessary to

8  prevent  a  member  of  an  early  voting  ballot  board  or  signature

9  verification  committee  from  retaining  or  sharing  personally

10 identifiable  information  from  the  statewide  computerized  voter

11 registration list under Section 18.061 obtained under this section

12 for any reason unrelated to the official's official duties.

13      SECTION 2.10.  Section  62.113(b),  Government  Code,  is

14 amended to read as follows:

15      (b)  On the third business day of each month, the clerk shall

16 send a copy of the list of persons excused or disqualified because

17 of citizenship in the previous month to:

18           (1)  the voter registrar of the county;

19           (2)  the secretary of state; and

20           (3)  the county or district attorney[, as applicable,]

21 for an investigation of whether the person committed an offense

22 under Section 13.007, Election Code, or other law.

23      SECTION 2.11.  Sections 62.114(b) and (c), Government Code,

24 are amended to read as follows:

25      (b)  On the third business day of each month, the clerk shall

26 send [to the voter registrar of the county] a copy of the list of

27 persons excused or disqualified in the previous month because the

12

S.B. No. 1

1  persons do not reside in the county to:

2          (1)  the voter registrar of the county; and

3          (2)  the secretary of state.

4      (c)  A list compiled under this section may not be used for a

5  purpose other than a purpose described by Subsection (b) or Section

6  15.081 or 18.068, Election Code.

7          ARTICLE 3.  CONDUCT AND SECURITY OF ELECTIONS

8      SECTION 3.01.  Section 2.053(a), Election Code, is amended

9  to read as follows:

10     (a)  On receipt of the certification, the governing body of

11 the political subdivision by order or ordinance shall [may] declare

12 each unopposed candidate elected to the office.  If no election is

13 to be held on election day by the political subdivision, a copy of

14 the order or ordinance shall be posted on election day at each

15 polling place used or that would have been used in the election.

16     SECTION 3.02.  Section 2.056(c), Election Code, is amended

17 to read as follows:

18     (c)  A certifying authority shall [may] declare a candidate

19 elected to an office of the state or county government if, were the

20 election held, only the votes cast for that candidate in the

21 election for that office may be counted.

22     SECTION 3.03.  Sections 43.007(c) and (d), Election Code,

23 are amended to read as follows:

24     (c)  In conducting the program, the secretary of state shall

25 provide for an audit of the voting system equipment [direct

26 recording electronic voting units] before and after the election,

27 and during the election to the extent such an audit is practicable.

13

S.B. No. 1

1          (d)  The secretary of state shall select to participate in

2    the program each county that:

3                (1)  has held a public hearing under Subsection (b);

4                (2)  has  submitted  documentation  listing  the  steps

5    taken  to  solicit  input  on  participating  in  the  program  by

6    organizations or persons who represent the interests of voters;

7                (3)  has implemented a computerized voter registration

8    list that allows an election officer at the polling place to verify

9    that a voter has not previously voted in the election;

10               (4)  uses direct recording electronic voting machines,

11   ballot marking devices, or hand-marked scannable paper ballots that

12   are printed and scanned at the polling place or any other type of

13   voting system equipment that the secretary of state determines is

14   capable of processing votes for each type of ballot to be voted in

15   the county; and

16               (5)  is determined by the secretary of state to have the

17   appropriate technological capabilities.

18          SECTION 3.04.  Section 43.031(b), Election Code, is amended

19   to read as follows:

20          (b)  Each polling place shall be located inside a building.

21   No voter may cast a vote from inside a motor vehicle unless the

22   voter meets the requirements of Section 64.009.

23          SECTION 3.05.  Section 52.092(a), Election Code, is amended

24   to read as follows:

25          (a)  Except as provided by Section 2.053(c) or 2.056(e), for

26   [For] an election at which offices regularly filled at the general

27   election for state and county officers are to appear on the ballot,

14

S.B. No. 1

1 the offices shall be listed in the following order:

2          (1)  offices of the federal government;

3          (2)  offices of the state government:

4                    (A)  statewide offices;

5                    (B)  district offices;

6          (3)  offices of the county government:

7                    (A)  county offices;

8                    (B)  precinct offices.

9          SECTION 3.06.  Section 61.002, Election Code, is amended to

10 read as follows:

11          Sec. 61.002.  OPENING AND CLOSING POLLING PLACE FOR VOTING.

12 (a)  Immediately before opening the polls for voting on the first

13 day of early voting and on election day, the presiding election

14 judge or alternate election judge shall confirm that each voting

15 machine has any public counter reset to zero and shall print the

16 tape that shows the counter was set to zero for each candidate or

17 measure on the ballot.

18          (b)  At the official time for opening the polls for voting,

19 an election officer shall open the polling place entrance and admit

20 the voters.

21          (c)  Immediately after closing the polls for voting on

22 election day, the presiding election judge or alternate election

23 judge shall print the tape to show the number of votes cast for each

24 candidate or ballot measure for each voting machine.

25          (d)  Each election judge or alternate election judge present

26 shall sign a tape printed under this section.

27          SECTION 3.07.  Section 64.007(c), Election Code, is amended

15

S.B. No. 1

1  to read as follows:

2      (c)  An election officer shall maintain a register of spoiled

3  ballots at the polling place.  An election officer shall enter on

4  the register the name of each voter who returns a spoiled ballot and

5  the spoiled ballot's number.  The secretary of state shall create

6  and promulgate a form to be used for this purpose.

7      SECTION 3.08.  Subchapter A, Chapter 66, Election Code, is

8  amended by adding Section 66.004 to read as follows:

9      Sec. 66.004.  POLLING PLACE CHECKLISTS.  The secretary of

10 state shall adopt rules and create a checklist or similar

11 guidelines to assist the presiding judge of a polling place in

12 processing forms and conducting procedures required by this code at

13 the opening and closing of the polling place.

14     SECTION 3.09.  Section 85.005, Election Code, is amended to

15 read as follows:

16     Sec. 85.005.  REGULAR DAYS AND HOURS FOR VOTING. (a)  Except

17 as provided by Subsection (c), in an election in which a county

18 clerk [or city secretary] is the early voting clerk under Section

19 83.002 [or 83.005], early voting by personal appearance at the main

20 early voting polling place shall be conducted on each weekday of

21 [the weekdays of] the early voting period that is not a legal state

22 holiday and for a period of at least nine hours, except that voting

23 may not be conducted earlier than 6 a.m. or later than 10 p.m.

24 [during the hours that the county clerk's or city secretary's main

25 business office is regularly open for business.]

26     (b)  In an election to which Subsection (a) does not apply,

27 early voting by personal appearance at the main early voting

S.B. No. 1

1  polling place shall be conducted at least <u>nine</u> [~~eight~~] hours each

2  weekday of the early voting period that is not a legal state holiday

3  unless the territory covered by the election has fewer than 1,000

4  registered voters.  In that case, the voting shall be conducted at

5  least <u>four</u> [~~three~~] hours each day.  The authority ordering the

6  election, or the county clerk if that person is the early voting

7  clerk, shall determine which hours the voting is to be conducted.

8      (c)  In a county with a population of <u>55,000</u> [~~100,000~~] or

9  more, the voting in a primary election or the general election for

10  state and county officers shall be conducted at the main early

11  voting polling place for at least 12 hours on each weekday of the

12  last week of the early voting period, and the voting in a special

13  election ordered by the governor shall be conducted at the main

14  early voting polling place for at least 12 hours on each of the last

15  two days of the early voting period.  <u>Voting under this subsection</u>

16  <u>may not be conducted earlier than 6 a.m. or later than 10 p.m.</u>

17  Voting shall be conducted in accordance with this subsection in

18  those elections in a county with a population under <u>55,000</u>

19  [~~100,000~~] on receipt by the early voting clerk of a written request

20  for the extended hours submitted by at least 15 registered voters of

21  the county.  The request must be submitted in time to enable

22  compliance with Section 85.067.

23      (d)  <u>A voter who has not voted before the scheduled time for</u>

24  <u>closing a polling place is entitled to vote after that time if the</u>

25  <u>voter is in line at the polling place by closing time.  The</u>

26  <u>secretary of state shall promulgate any materials and provide any</u>

27  <u>training to presiding judges necessary to properly process voters</u>

17

S.B. No. 1

1  under  this  subsection  [~~In an election ordered by a city, early~~

2  ~~voting by personal appearance at the main early voting polling~~

3  ~~place shall be conducted for at least 12 hours:~~

4          [~~(1)  on  one  weekday,  if  the  early  voting  period~~

5  ~~consists of less than six weekdays; or~~

6          [~~(2)  on  two  weekdays,  if  the  early  voting  period~~

7  ~~consists of six or more weekdays~~].

8          SECTION 3.10.  Sections 85.006(b) and (e), Election Code,

9  are amended to read as follows:

10         (b)  In  an  election  in  which  a  county  clerk  [~~or  city~~

11  ~~secretary~~] is the early voting clerk under Section 83.002 [~~or~~

12  ~~83.005~~], only the early voting clerk may order voting on a Saturday

13  or Sunday.  The clerk must do so by written order.

14         (e)  In a primary election or the general election for state

15  and  county  officers  in  a  county  with  a  population  of  55,000

16  [~~100,000~~] or more, the early voting clerk shall order voting by

17  personal appearance [~~voting~~] at the main early voting polling place

18  to be conducted on the last Saturday of the early voting period for

19  at least 12 hours, except that voting may not be conducted earlier

20  than 6 a.m. or later than 10 p.m., [~~on the last Saturday~~] and on the

21  last Sunday of the early voting period for at least six [~~five~~]

22  hours, except that voting may not be conducted earlier than 9 a.m.

23  or later than 10 p.m [~~on  the  last  Sunday  of  the  early  voting~~

24  ~~period~~].  The early voting clerk shall order voting to be conducted

25  at  those  times  in  those  elections  in  a  county  with  a  population

26  under 55,000 [~~100,000~~] on receipt of  a  written  request  for  those

27  hours submitted by at least 15 registered voters of the county.  The

S.B. No. 1

1  request must be submitted in time to enable compliance with Section
2  85.007.    This   subsection   supersedes   any   provision   of   this
3  subchapter to the extent of any conflict.

4       SECTION 3.11.  Section  85.010(a-1),  Election  Code,  is
5  amended to read as follows:

6       (a-1)  In this section, "eligible county polling place"
7  means an early voting polling place[, other than a polling place
8  established under Section 85.062(e),] established by a county.

9       SECTION 3.12.  Section 85.061(a), Election Code, is amended
10  to read as follows:

11       (a)  In a countywide election in which the county clerk is
12  the  early  voting  clerk  under  Section  83.002,  an  early  voting
13  polling place shall be located inside [at] each branch office that
14  is  regularly  maintained  for  conducting  general  clerical  functions
15  of  the  county  clerk,  except  as  provided  by  Subsection  (b).  If a
16  suitable room is unavailable inside the branch office, the polling
17  place may be located in another room inside the same building as the
18  branch office.

19       SECTION 3.13.  Section 85.062, Election Code, is amended by
20  amending  Subsection  (b)  and  adding  Subsection  (f-1)  to  read  as
21  follows:

22       (b)  A polling place established under this section may be
23  located,  subject  to  Subsection  (d),  at  any  place  in  the  territory
24  served  by  the  early  voting  clerk  and  may  be  located  inside  [in]  any
25  building  [stationary  structure]  as  directed  by  the  authority
26  establishing  the  branch  office.   The  polling  place  may  not  be
27  located in a movable structure in the general election for state and

19

S.B. No. 1

1  county officers, general primary election, or runoff primary
2  election.  Ropes or other suitable objects may be used at the
3  polling place to ensure compliance with Section 62.004.  Persons
4  who are not expressly permitted by law to be in a polling place
5  shall be excluded from the polling place to the extent practicable.

6      (f-1)  Notwithstanding any other provision of this section
7  concerning the location of temporary branch polling places, in an
8  election in which countywide polling places are used, the
9  commissioners court of a county shall employ the same methodology
10  it uses to determine the location of countywide polling places to
11  determine the location of temporary branch polling places.

12      SECTION 3.14.  Section 87.002, Election Code, is amended to
13  read as follows:

14      Sec. 87.002.  COMPOSITION OF BOARD.  (a) The early voting
15  ballot board consists of a presiding judge, an alternate presiding
16  judge, and at least one [two] other member [members].

17      (b)  Except as provided by Subsection (d), the presiding
18  judge and the alternate presiding judge are [is] appointed in the
19  same manner as a presiding election judge and alternate presiding
20  election judge, respectively.  Except as provided by Subsection
21  (c), each [the] other member is [members are] appointed by the
22  presiding judge in the same manner as the precinct election clerks.

23      (c)  In the general election for state and county officers,
24  each county chair of a political party with nominees on the general
25  election ballot shall submit to the county election board a list of
26  names of persons eligible to serve on the early voting ballot board
27  in order of the county chair's preference.  The county election

20

S.B. No. 1

1  board shall appoint at least one person from each list to serve as a

2  member of the early voting ballot board.  The same number of members

3  must be appointed from each list.  The county election board shall

4  appoint persons as members of the early voting ballot board in the

5  order of preference indicated on each list.

6       (d)  In addition to the members appointed under Subsection

7  (c), the county election board shall appoint as the presiding judge

8  the highest-ranked person on [from] the list provided under that

9  subsection by the political party whose nominee for governor

10  received the most votes in the county in the most recent

11  gubernatorial general election and as the alternate presiding judge

12  the highest-ranked person on the list provided under that

13  subsection by the political party whose nominee for governor

14  received the second most votes in the county in the most recent

15  gubernatorial general election.

16       SECTION 3.15.  Section 124.002, Election Code, is amended by

17  adding Subsection (c) to read as follows:

18       (c)  Voting system ballots may not be arranged in a manner

19  that allows a political party's candidates to be selected in one

20  motion or gesture.

21       SECTION 3.16.  Sections 127.006(a) and (c), Election Code,

22  are amended to read as follows:

23       (a)  The [Both the] manager, [and] the presiding judge, and

24  the alternate presiding judge may appoint clerks to serve at the

25  central counting station.

26       (c)  A clerk appointed by the manager serves under the

27  manager and shall perform the functions directed by the manager.  A

S.B. No. 1

1  clerk appointed by the presiding judge or the alternate presiding

2  judge serves under the presiding judge and shall perform the

3  functions directed by the presiding judge.

4      SECTION 3.17.  Subchapter A, Chapter 127, Election Code, is

5  amended by adding Section 127.009 to read as follows:

6      Sec. 127.009.  ELECTRONIC  DEVICES  IN  CENTRAL  COUNTING

7  STATION.  (a)  A counting station manager and the presiding judge of

8  the counting station shall develop a protocol under which any

9  electronic  device  inside  a  central  counting  station  that  is

10  necessary to count votes is equipped with software that tracks all

11  input and activity on the electronic device.

12      (b)  The counting station manager and the presiding judge of

13  the counting station shall ensure that the input and activity

14  tracked by the software is delivered to the secretary of state not

15  later than the fifth day after vote counting is complete.

16      (c)  This section applies only to a central counting station

17  located in a county with a population of 250,000 or more.

18      SECTION 3.18.  Section 127.1232, Election Code, is amended

19  to read as follows:

20      Sec. 127.1232.  SECURITY OF VOTED BALLOTS.  (a)  The general

21  custodian of election records shall post a licensed peace officer

22  [guard] to ensure the security of ballot boxes containing voted

23  ballots throughout the period of tabulation at the central counting

24  station.

25      (b)  The general custodian of election records in a county

26  with a population of 100,000 or more shall implement a video

27  surveillance system that retains a record of all areas containing

S.B. No. 1

1 voted ballots:

2         (1)  from the time the voted ballots are delivered to

3 the central counting station until the canvass of precinct election

4 returns; and

5         (2)  from the time the voted ballots are delivered to

6 the signature verification committee or early voting ballot board

7 until the canvass of precinct election returns.

8     (c)  A video from a system implemented under Subsection (b)

9 shall be made available to the public by a livestream.

10     (d)  The video recorded is an election record under Section

11 1.012 and shall be retained by the general custodian of election

12 records until the end of the calendar year in which an election is

13 held or until an election contest filed in the county has been

14 resolved, whichever is later.

15     SECTION 3.19.  Chapter 127, Election Code, as effective

16 September 1, 2021, is amended by adding Subchapter J to read as

17 follows:

18             SUBCHAPTER J.  RANDOMIZED AUDITS

19     Sec. 127.351.  RANDOMIZED COUNTY AUDITS.  (a)  Immediately

20 after the uniform election date in November of an even-numbered

21 year, the secretary of state shall conduct an audit of the elections

22 held in four counties during the previous two years.

23     (b)  The secretary of state shall select the counties to be

24 audited under Subsection (a) at random, except that:

25         (1)  two of the counties selected must have a total

26 population of less than 300,000;

27         (2)  two of the counties selected must have a total

23

S.B. No. 1

1  population of 300,000 or more; and

2          (3)  a county selected in the most recent audit cycle

3  may not be selected in the current audit cycle.

4      (c)  A county selected to be audited may not pay the cost of

5  performing an audit under this section.

6      (d)  The secretary of state shall adopt rules as necessary to

7  implement this section.

8          ARTICLE 4.  ELECTION OFFICERS AND OBSERVERS

9      SECTION 4.01.  Section 32.075, Election Code, is amended by

10  adding Subsections (g) and (h) to read as follows:

11      (g)  A presiding judge may not have a watcher duly accepted

12  for service under Subchapter A, Chapter 33, removed from the

13  polling place for violating a provision of this code or any other

14  provision of law relating to the conduct of elections, other than a

15  violation of the Penal Code, unless the violation was observed by an

16  election judge or clerk.

17      (h)  Notwithstanding Subsection (g), a presiding judge may

18  call a law enforcement officer to request that a poll watcher be

19  removed if the poll watcher commits a breach of the peace or a

20  violation of law.

21      SECTION 4.02.  Subchapter A, Chapter 33, Election Code, is

22  amended by adding Section 33.0015 to read as follows:

23      Sec. 33.0015.  CHAPTER PURPOSE AND WATCHER DUTY.  The

24  purpose of this chapter is to preserve the integrity of the ballot

25  box in accordance with Section 4, Article VI, Texas Constitution,

26  by providing for the appointment of watchers.  It is the intent of

27  the legislature that watchers duly accepted for service under this

S.B. No. 1

1  chapter be allowed to observe and report on irregularities in the

2  conduct of any election, but may not interfere in the orderly

3  conduct of an election.  To effect that purpose, a watcher appointed

4  under this chapter shall observe without obstructing the conduct of

5  an election and call to the attention of an election officer any

6  observed or suspected irregularity or violation of law in the

7  conduct of the election.

8        SECTION 4.03.  Subchapter A, Chapter 33, Election Code, is

9  amended by adding Section 33.0016 to read as follows:

10      Sec. 33.0016.  REFERENCES TO EARLY VOTING BALLOT BOARD IN

11  THIS CHAPTER.  A reference in this chapter to an early voting ballot

12  board includes a signature verification committee.

13      SECTION 4.04.  Subchapter A, Chapter 33, Election Code, is

14  amended by adding Section 33.008 to read as follows:

15      Sec. 33.008.  TRAINING PROGRAM.  The secretary of state

16  shall develop and maintain a training program for watchers.  The

17  training program must:

18        (1)  be available:

19           (A)  entirely via the Internet; and

20           (B)  at any time, without a requirement for prior

21  registration; and

22        (2)  provide a watcher who completes the training with

23  a certificate of completion.

24      SECTION 4.05.  Section 33.031, Election Code, is amended by

25  adding Subsection (b) to read as follows:

26      (b)  In addition to the requirements of Subsection (a), to be

27  eligible to serve as a watcher, a person must complete training

S.B. No. 1

1   under Section 33.008.

2       SECTION 4.06.   Section 33.051, Election Code, is amended by

3   amending Subsections (a), (b), (d), and (e) and adding Subsections

4   (a-1), (g), and (h) to read as follows:

5       (a)  A  watcher  appointed  to  serve  at  a  precinct  polling

6   place, a meeting place for an early voting ballot board, or a

7   central counting station must deliver the following materials [a

8   certificate of appointment] to the presiding judge at the time the

9   watcher reports for service:

10          (1)  a certificate of appointment; and

11          (2)  a  certificate  of  completion  from  training

12  completed by the watcher under Section 33.008.

13      (a-1)  A  watcher  appointed  to  serve  at  an  early  voting

14  polling place must deliver the certificates under Subsection (a) [a

15  certificate of appointment] to the early voting clerk or deputy

16  clerk in charge of the polling place when the watcher first reports

17  for service.

18      (b)  The  officer  presented  with  a  watcher's  certificates

19  [certificate  of  appointment]  shall  require  the  watcher  to

20  countersign the certificate of appointment to ensure that the

21  watcher  is  the  same  person  who  signed  the  certificate  of

22  appointment.  Except as provided by Subsection (c), a watcher who

23  presents  himself  or  herself  at  the  proper  time  with  the

24  certificates  required  under  Subsection  (a)  [a  certificate  of

25  appointment] shall be accepted for service unless the person is

26  ineligible  to  serve  or  the  number  of  appointees  to  which  the

27  appointing authority is entitled have already been accepted.

26

S.B. No. 1

1       (d)  The certificates [certificate] of a watcher serving at

2  an early voting polling place shall be retained at the polling place

3  until voting at the polling place is concluded.  At each subsequent

4  time that the watcher reports for service, the watcher shall inform

5  the clerk or deputy in charge.  The officer may require the watcher

6  to sign the watcher's name in the officer's presence, for comparison

7  with  the  signature  on  the  certificate  of appointment, if the

8  officer is uncertain of the watcher's identity.

9       (e)  If  a  watcher  is  not  accepted  for  service,  the

10  certificates [certificate of appointment] shall be returned to the

11  watcher with a signed statement of the reason for the rejection.

12       (g)  An election officer commits an offense if the officer

13  intentionally or knowingly refuses to accept a watcher for service

14  when  acceptance  of  the  watcher  is  required  by this section.  An

15  offense under this subsection is a Class A misdemeanor.

16       (h)  Before accepting a watcher, the officer presented with a

17  watcher's certificate of appointment shall require the watcher to

18  take the following oath, administered by the officer: "I swear (or

19  affirm) that I will not disrupt the voting process or harass voters

20  in the discharge of my duties."

21       SECTION 4.07.  Section 33.056, Election Code, is amended by

22  amending Subsection (a) and adding Subsections (e) and (f) to read

23  as follows:

24       (a)  Except  as  provided  by  Section  33.057, a watcher is

25  entitled to observe any activity conducted at the location at which

26  the watcher is serving.  A watcher is entitled to sit or stand

27  [conveniently] near enough to see and hear the election officers

27

S.B. No. 1

1  conducting the observed activity, except as otherwise prohibited by

2  this chapter.

3      (e)  Except as provided by Section 33.057(b), a watcher may

4  not be denied free movement where election activity is occurring

5  within the location at which the watcher is serving.

6      (f)  In this code, a watcher who is entitled to "observe" an

7  election activity is entitled to sit or stand near enough to see and

8  hear the activity.

9      SECTION 4.08.  Subchapter C, Chapter 33, Election Code, is

10  amended by adding Section 33.0605 to read as follows:

11      Sec. 33.0605.  OBSERVING DATA STORAGE SEALING AND TRANSFER.

12  (a) A watcher appointed to serve at a polling place in an election

13  who is available at the time of the action may observe all election

14  activities relating to closing the polling place, including the

15  sealing and transfer of a memory card, flash drive, hard drive, data

16  storage device, or other medium now existing or later developed

17  used by the voting system equipment.

18      (b)  Notwithstanding any other provision of this code, a

19  watcher duly accepted for service at a polling location is entitled

20  to follow the transfer of election materials from the polling place

21  at which the watcher was accepted to a regional tabulating center,

22  the central counting station, or any other location designated to

23  process election materials.  The authority responsible for

24  administering a regional tabulating center or another location

25  where election materials are processed must accept duly appointed

26  watchers for service in the same manner a watcher is accepted for

27  service under Section 33.051 and must accept the same number of

S.B. No. 1

1  watchers that may serve under Section 33.007(a).

2      SECTION 4.09.   Section 33.061(a), Election Code, is amended
3  to read as follows:

4      (a)   A person commits an offense if the person serves in an
5  official capacity at a location at which the presence of watchers is
6  authorized  and  knowingly  prevents  a  watcher  from  observing  an
7  activity or procedure the person knows the watcher is entitled to
8  observe, including by taking any action to obstruct the view of a
9  watcher or distance the watcher from the activity or procedure to be
10 observed  in  a  manner  that  would  make  observation  not  reasonably
11 effective.

12     SECTION 4.10.   Subchapter C, Chapter 33, Election Code, is
13 amended by adding Section 33.063 to read as follows:

14     Sec. 33.063.   RELIEF.   The  appointing  authority  for  a
15 watcher who believes that the watcher was unlawfully prevented or
16 obstructed from the performance of the watcher's duties may seek:

17         (1)  injunctive   relief   under   Section   273.081,
18 including issuance of temporary orders;

19         (2)  a  writ  of  mandamus  under  Section  161.009  or
20 273.061; and

21         (3)  any other remedy available under law.

22     SECTION 4.11.   Section 34.005, Election Code, is amended to
23 read as follows:

24     Sec. 34.005.   ACTION  BY  SECRETARY  OF  STATE.   (a)   The
25 secretary  of  state  may  refer  a  reported  violation  of  law  for
26 appropriate action to the attorney general, if the attorney general
27 has jurisdiction, or to a prosecuting attorney having jurisdiction.

29

S.B. No. 1

1    (b)  If  the  secretary  of  state  believes  that  a  state
2  inspector  was  unlawfully  prevented  or  obstructed  from  the
3  performance of the inspector's duties, the secretary of state may
4  seek:

5         (1)  injunctive  relief  under  Section  273.081,
6  including issuance of temporary orders;

7         (2)  a  writ  of  mandamus  under  Section  161.009  or
8  273.061; and

9         (3)  any other remedy available under law.

10    SECTION 4.12.  Section 86.006, Election Code, is amended by
11  amending Subsection (a) and adding Subsection (a-2) to read as
12  follows:

13    (a)  A  marked  ballot  voted  under  this  chapter  must  be
14  returned  to  the  early  voting  clerk  in  the  official  carrier
15  envelope.   The  carrier  envelope  may  be  delivered  in  another
16  envelope and must be transported and delivered only by:

17         (1)  mail;

18         (2)  common or contract carrier; or

19         (3)  subject  to  Subsections  [Subsection]  (a-1)  and
20  (a-2), in-person delivery by the voter who voted the ballot.

21    (a-2)  An in-person delivery of a marked ballot voted under
22  this chapter must be received by an election official at the time of
23  delivery.   The  receiving  official  shall  record  the  voter's  name,
24  signature,  and  type  of  identification  provided  under  Section
25  63.0101 on a roster prescribed by the secretary of state.   The
26  receiving  official  shall  attest  on  the  roster  that  the  delivery
27  complies with this section.

S.B. No. 1

1    SECTION 4.13.  Chapter 121, Election Code, is amended by

2  adding Section 121.004 to read as follows:

3    Sec. 121.004.  COMMUNICATIONS WITH VOTING SYSTEMS VENDOR

4  PUBLIC INFORMATION.  (a) Except as provided by Subsection (b), a

5  written letter, e-mail, or other communication, including a

6  communication made confidential by other law, between a public

7  official and a voting systems vendor:

8            (1)  is not confidential;

9            (2)  is public information for purposes of Chapter 552,

10  Government Code; and

11            (3)  is not subject to an exception to disclosure

12  provided by Chapter 552, Government Code, other than Sections

13  552.110 and 552.1101, Government Code.

14    (b)  A written letter, e-mail, or other communication

15  between a public official and a voting systems vendor is excepted

16  from disclosure under Chapter 552, Government Code, if the

17  communication discloses information, data, or records relating to

18  the security of elections critical infrastructure.

19    SECTION 4.14.  Section 127.1301, Election Code, is amended

20  to read as follows:

21    Sec. 127.1301.  [TALLYING, TABULATING, AND REPORTING]

22  CENTRALLY COUNTED OPTICAL SCAN BALLOTS [BALLOT UNDERVOTES AND

23  OVERVOTES].  (a)  In an election using centrally counted optical

24  scan ballots, the undervotes and overvotes on those ballots shall

25  be tallied, tabulated, and reported by race and by election

26  precinct in the form and manner prescribed by the secretary of

27  state.

31

S.B. No. 1

1    (b)  An authority operating a central counting station under
2  this chapter may not purchase or use a centrally counted optical
3  ballot  scan  system  that  uses  a  data  storage  disc  on  which
4  information, once written, is capable of being modified.
5    (c)  An authority that purchases system components in order
6  to comply with this section is eligible to have 100 percent of the
7  cost of those system components reimbursed.
8    (d)  Subsection (b) applies starting on the earlier of:
9        (1)  the  date  on  which  the  state  certifies  the  first
10  centrally counted optical ballot scan system under this section; or
11        (2)  September 1, 2026.
12    (e)  This  subsection  and  Subsection  (d)  expire  October  1,
13  2026.
14    SECTION 4.15.  Section 127.131, Election Code, is amended by
15  adding Subsection (f) to read as follows:
16    (f)  The  presiding  judge  of  the  central  counting  station
17  shall provide and attest to a written reconciliation of votes and
18  voters at the close of tabulation for election day and again after
19  the  central  counting  station  meets  for  the  last  time  to  process
20  late-arriving  ballots  by  mail  and  provisional  ballots.   The
21  secretary of state shall create and promulgate rules and a form to
22  facilitate  compliance  with  this  subsection.   The  form  shall  be
23  posted on a website maintained by the county along with election
24  returns and results.
25    SECTION 4.16.  Section 129.023, Election Code, is amended by
26  adding Subsections (b-2) and (c-1) to read as follows:
27    (b-2)  If  the  test  is  being  conducted  for  an  election  in

S.B. No. 1

1  which a county election board has been established under Section
2  51.002, the general custodian of election records shall notify each
3  member of the board of the test at least 48 hours before the date of
4  the test.  If the county election board chooses to witness the test,
5  each member shall sign the statement required by Subsection (e)(1).

6      (c-1)  A test conducted under this section must also require
7  the general custodian of election records to demonstrate, using a
8  representative sample of voting system equipment, that the source
9  code of the equipment has not been altered.

10                    ARTICLE 5.  VOTING BY MAIL

11      SECTION 5.01.  Section 84.001(b), Election Code, is amended
12  to read as follows:

13      (b)  Subject to Section 1.011, an [An] application must be
14  submitted in writing and signed by the applicant using ink on paper.
15  An electronic signature or photocopied signature is not permitted.

16      SECTION 5.02.  Section 84.002, Election Code, as effective
17  September 1, 2021, is amended by amending Subsection (a) and adding
18  Subsection (b-1) to read as follows:

19      (a)  An early voting ballot application must include:

20          (1)  the applicant's name and the address at which the
21  applicant is registered to vote;

22          (1-a)  the following information:

23              (A)  the number of the applicant's driver's
24  license, election identification certificate, or personal
25  identification card issued by the Department of Public Safety;

26              (B)  if the applicant has not been issued a number
27  described by Paragraph (A), the last four digits of the applicant's

33

S.B. No. 1

1  social security number; or

2              (C)  a statement  by  the  applicant  that  the

3  applicant has not been issued a number described by Paragraph (A) or

4  (B);

5              (2)  for an application for a ballot to be voted by mail

6  on the ground of absence from the county of residence, the address

7  outside the applicant's county of residence to which the ballot is

8  to be mailed;

9              (3)  for an application for a ballot to be voted by mail

10  on the ground of age or disability, the address of the hospital,

11  nursing  home  or  other  long-term  care  facility,  or  retirement

12  center, or of a person related to the applicant within the second

13  degree  by  affinity  or  the  third  degree  by  consanguinity,  as

14  determined under Chapter 573, Government Code, if the applicant is

15  living at that address and that address is different from the

16  address at which the applicant is registered to vote;

17              (4)  for an application for a ballot to be voted by mail

18  on the ground of confinement in jail, the address of the jail or of a

19  person related to the applicant within the degree described by

20  Subdivision (3);

21              (5)  for an application for a ballot to be voted by mail

22  on  any  ground,  an  indication  of  each  election  for  which  the

23  applicant is applying for a ballot;

24              (6)  an  indication  of  the  ground  of  eligibility  for

25  early voting; and

26              (7)  for an application for a ballot to be voted by mail

27  on the ground of involuntary civil commitment, the address of the

34

S.B. No. 1

1  facility  operated  by  or  under  contract  with  the  Texas  Civil

2  Commitment Office or of a person related to the applicant within the

3  degree of consanguinity described by Subdivision (3).

4      (b-1)  A person may use the number of a driver's license,

5  election  identification  certificate,  or  personal  identification

6  card that has expired for the purpose of fulfilling the requirement

7  under  Subsection  (a)(1-a)  if  the  license  or  identification  is

8  otherwise valid.

9      SECTION 5.03.  Section  84.011(a),  Election  Code,  as

10  effective September 1, 2021, is amended to read as follows:

11      (a)  The officially prescribed application form for an early

12  voting ballot must include:

13          (1)  immediately  preceding  the  signature  space  the

14  statement:  "I  certify  that  the  information  given  in  this

15  application is true, and I understand that giving false information

16  in this application is a crime.";

17          (2)  a  statement  informing  the  applicant  of  the

18  offenses prescribed by Sections 84.003 and 84.004;

19          (3)  spaces  for  entering  an  applicant's  voter

20  registration number and county election precinct of registration,

21  with a statement informing the applicant that failure to furnish

22  that information does not invalidate the application;

23          (3-a)  a space for entering the information required

24  under Section 84.002(a)(1-a); and

25          (4)  on an application for a ballot to be voted by mail:

26              (A)  a  space  for  an  applicant  applying  on  the

27  ground of absence from the county of residence to indicate the date

S.B. No. 1

1   on or after which the applicant can receive mail at the address

2   outside the county;

3           (B) a space for indicating the fact that an

4   applicant whose application is signed by a witness cannot make the

5   applicant's mark and a space for indicating the relationship or

6   lack of relationship of the witness to the applicant;

7           (C) a space for entering an applicant's telephone

8   number, with a statement informing the applicant that failure to

9   furnish that information does not invalidate the application;

10          (D) a space or box for an applicant applying on

11  the ground of age or disability to indicate that the address to

12  which the ballot is to be mailed is the address of a facility or

13  relative described by Section 84.002(a)(3), if applicable;

14          (E) a space or box for an applicant applying on

15  the ground of confinement in jail or involuntary civil commitment

16  to indicate that the address to which the ballot is to be mailed is

17  the address of a relative described by Section 84.002(a)(4) or (7),

18  if applicable;

19          (F) a space for an applicant applying on the

20  ground of age or disability to indicate if the application is an

21  application under Section 86.0015;

22          (G) spaces for entering the signature, printed

23  name, and residence address of any person assisting the applicant;

24          (H) a statement informing the applicant of the

25  condition prescribed by Section 81.005; and

26          (I) a statement informing the applicant of the

27  requirement prescribed by Section 86.003(c).

36

S.B. No. 1

1      SECTION 5.04.   Subchapter A, Chapter 84, Election Code, is

2  amended by adding Section 84.0111 to read as follows:

3      Sec. 84.0111.   DISTRIBUTION   OF   APPLICATION   FORM.   (a)

4  Except as provided by Subsection (c) or as otherwise authorized by

5  this code, an officer or employee of this state or of a political

6  subdivision of this state may not distribute an application form

7  for an early voting ballot to a person who did not request an

8  application under Section 84.001.

9      (b)   An officer or employee of this state or of a political

10  subdivision of this state may not use public funds to facilitate the

11  distribution by another person of an application form for an early

12  voting ballot to a person who did not request an application under

13  Section 84.001.

14      (c)   A political party or a candidate for office may

15  distribute an application form for an early voting ballot to a

16  person who did not request an application under Section 84.001.

17      SECTION 5.05.   Section 84.032(c), Election Code, is amended

18  to read as follows:

19      (c)   An applicant may submit a request after the close of

20  early voting by personal appearance by appearing in person and:

21        (1)   returning the ballot to be voted by mail to the

22  early voting clerk; or

23        (2)   executing an affidavit that the applicant:

24            (A)   has not received the ballot to be voted by

25  mail; [or]

26            (B)   never requested a ballot to be voted by mail;

27  or

S.B. No. 1

1        (C)  received notice of a defect under Section

2 87.0271(b) or (c) or 87.0411(b) or (c).

3        SECTION 5.06.  Section 84.035, Election Code, is amended to

4 read as follows:

5        Sec. 84.035.  BALLOT SENT TO APPLICANT.  (a)  If the early

6 voting clerk cancels an application by an applicant to whom an early

7 voting ballot has been sent, the clerk shall:

8            (1)  remove the applicant's name from the early voting

9 roster; and

10           (2)  make any other entries in the records and take any

11 other action necessary to prevent the ballot from being counted if

12 returned.

13       (b)  An election judge may permit a person to whom an early

14 voting ballot has been sent who cancels the person's application

15 for a ballot to be voted by mail in accordance with Section 84.032

16 but fails to return the ballot to be voted by mail to the early

17 voting clerk, deputy early voting clerk, or presiding judge as

18 provided by that section to vote only a provisional ballot under

19 Section 63.011.

20       SECTION 5.07.  Section 86.001, Election Code, is amended by

21 adding Subsections (f), (f-1), and (f-2) to read as follows:

22       (f)  If  the  information  required  under  Section

23 84.002(a)(1-a) included on the application does not identify the

24 same voter identified on the applicant's application for voter

25 registration under Section 13.002(c)(8), the clerk shall reject the

26 application.

27       (f-1)  If an application is rejected under Subsection (f),

38

S.B. No. 1

1  the clerk shall provide notice of the rejection in accordance with

2  Subsection (c).  The notice must include information regarding the

3  ability  to  correct  or  add  information  required  under  Section

4  84.002(a)(1-a)  through  the  online  tool  described  by  Section

5  86.015(c).

6      (f-2)  If an applicant corrects an application for a ballot

7  to  be  voted  by  mail  online  and  that  application  subsequently

8  identifies the same voter identified on the applicant's application

9  for  voter  registration,  the  clerk  shall  provide  a  ballot  to  the

10  applicant as provided by this chapter.

11      SECTION 5.08.  Section 86.002, Election Code, is amended by

12  adding Subsections (g), (h), and (i) to read as follows:

13      (g)  The carrier envelope must include a space that is hidden

14  from  view  when  the  envelope  is  sealed  for  the  voter  to  enter  the

15  following information:

16          (1)  the  number  of  the  voter's  driver's  license,

17  election  identification  certificate,  or  personal  identification

18  card issued by the Department of Public Safety;

19          (2)  if the voter has not been issued a number described

20  by  Subdivision  (1),  the  last  four  digits  of  the  voter's  social

21  security number; or

22          (3)  a  statement  by  the  applicant  that  the  applicant

23  has not been issued a number described by Subdivision (1) or (2).

24      (h)  A  person  may  use  the  number  of  a  driver's  license,

25  election  identification  certificate,  or  personal  identification

26  card that has expired for purposes of Subsection (g) if the license

27  or identification is otherwise valid.

S.B. No. 1

1      (i)  No record associating an individual voter with a ballot

2  may be created.

3      SECTION 5.09.  Section 86.011(c), Election Code, is amended

4  to read as follows:

5      (c)  If the return is not timely, the clerk shall enter the

6  time of receipt on the carrier envelope and retain it in a locked

7  container for the period for preserving the precinct election

8  records.  The clerk shall destroy the unopened envelope and its

9  contents after the preservation period.

10      SECTION 5.10.  Section 86.015(c), Election Code, as

11  effective September 1, 2021, is amended to read as follows:

12      (c)  An online tool used under this section must:

13          (1)  for each election, record:

14              (A)  each application for a ballot to be voted by

15  mail received by the clerk; and

16              (B)  each carrier envelope sent to a voter by the

17  clerk;

18          (2)  for each carrier envelope, record or assign a

19  serially numbered and sequentially issued barcode or tracking

20  number that is unique to each envelope; [and]

21          (3)  update the applicable Internet website as soon as

22  practicable after each of the following events occurs:

23              (A)  receipt by the early voting clerk of the

24  person's application for a ballot to be voted by mail;

25              (B)  acceptance or rejection by the early voting

26  clerk of the person's application for a ballot to be voted by mail;

27              (C)  placement in the mail by the early voting

S.B. No. 1

1  clerk of the person's official ballot;

2           (D)  receipt  by  the  early  voting  clerk  of  the

3  person's marked ballot; and

4           (E)  acceptance  or  rejection  by  the  early  voting

5  ballot board of a person's marked ballot; and

6           (4)  allow  a  voter  to  add  or  correct  information

7  required under Section 84.002(a)(1-a) or Section 86.002(g).

8       SECTION 5.11.  Sections  87.027(d),  (e),  and  (i),  Election

9  Code, are amended to read as follows:

10      (d)  The  early  voting  clerk  shall  determine  the  number  of

11 members who are to compose the signature verification committee and

12 shall  state  that  number  in  the  order  calling  for  the  committee's

13 appointment.   A  committee  must  consist  of  not  fewer  than  five

14 members.   In  an  election  in  which  party  alignment  is  indicated  on

15 the ballot, each county chair of a political party with a nominee or

16 aligned  candidate  on  the  ballot  shall  submit  to  the  appointing

17 authority  a  list  of  names  of  persons  eligible  to  serve  on  the

18 signature  verification  committee  in  order  of  the   county  chair's

19 preference.  The authority shall appoint at least two persons from

20 each list in the order of preference indicated on each list to serve

21 as  members  of  the  committee.   The  same  number  of  members  must  be

22 appointed  from  each  list.   The  authority  shall  appoint  as  [the]

23 chair of the committee the highest-ranked person on [from] the list

24 provided  by  the  political  party  whose  nominee  for  governor  received

25 the  most  votes  in  the  county  in  the  most  recent  gubernatorial

26 general  election.   The  authority  shall  appoint  as  vice  chair  of  the

27 committee  the  highest-ranked  person  on  the  list  provided  by  the

S.B. No. 1

1    political party whose nominee for governor received the second most

2    votes in the county in the most recent gubernatorial general

3    election. A vacancy on the committee shall be filled by appointment

4    from the original list or from a new list submitted by the

5    appropriate county chair.

6         (e) To be eligible to serve on a signature verification

7    committee, a person must be eligible under Subchapter C, Chapter

8    32, for service as a presiding election judge, except that the

9    person must be a qualified voter:

10             (1) of the county, in a countywide election ordered by

11   the governor or a county authority or in a primary election;

12             (2) of the part of the county in which the election is

13   held, for an election ordered by the governor or a county authority

14   that does not cover the entire county of the person's residence; or

15             (3) of the political subdivision, in an election

16   ordered by an authority of a political subdivision other than a

17   county.

18        (i) The signature verification committee shall compare the

19   signature on each carrier envelope certificate, except those signed

20   for a voter by a witness, with the signature on the voter's ballot

21   application to determine whether the signatures are those of the

22   voter. The committee may also compare the signatures with any

23   known signature [two or more signatures] of the voter [made within

24   the preceding six years and] on file with the county clerk or voter

25   registrar to determine whether the signatures are those of the

26   voter. Except as provided by Subsection (l), a determination under

27   this subsection that the signatures are not those of the voter must

42

S.B. No. 1

1  be made by a majority vote of the committee's membership.  The

2  committee shall place the jacket envelopes, carrier envelopes, and

3  applications of voters whose signatures are not those of the voter

4  in separate containers from those of voters whose signatures are

5  those of the voter.  The committee chair shall deliver the sorted

6  materials to the early voting ballot board at the time specified by

7  the board's presiding judge.

8      SECTION 5.12.  Subchapter B, Chapter 87, Election Code, is

9  amended by adding Section 87.0271 to read as follows:

10     Sec. 87.0271.  OPPORTUNITY TO CORRECT DEFECT:  SIGNATURE

11 VERIFICATION COMMITTEE.  (a)  This section applies to an early

12 voting ballot voted by mail:

13         (1)  for which the voter did not sign the carrier

14 envelope certificate;

15         (2)  for which it cannot immediately be determined

16 whether the signature on the carrier envelope certificate is that

17 of the voter;

18         (3)  missing any required statement of residence;

19         (4)  missing information or containing incorrect

20 information required under Section 84.002(a)(1-a) or Section

21 86.002; or

22         (5)  containing incomplete information with respect to

23 a witness.

24     (b)  Not later than the second business day after a signature

25 verification committee discovers a defect described by Subsection

26 (a) and before the committee decides whether to accept or reject a

27 timely delivered ballot under Section 87.027, the committee shall:

S.B. No. 1

1        (1)  determine if it would be possible for the voter to

2  correct the defect and return the carrier envelope before the time

3  the polls are required to close on election day; and

4        (2)  return the carrier envelope to the voter by mail,

5  if the committee determines that it would be possible for the voter

6  to correct the defect and return the carrier envelope before the

7  time the polls are required to close on election day.

8    (c)  If  the  signature  verification  committee  determines

9  under Subsection (b)(1) that it would not be possible for the voter

10  to correct the defect and return the carrier envelope before the

11  time the polls are required to close on election day, the committee

12  may notify the voter of the defect by telephone or e-mail and inform

13  the voter that the voter may request to have the voter's application

14  to vote by mail canceled in the manner described by Section 84.032

15  or come to the early voting clerk's office in person not later than

16  the sixth day after election day to correct the defect.

17    (d)  If the signature verification committee takes an action

18  described by Subsection (b) or (c), the committee must take either

19  action described by that subsection with respect to each ballot in

20  the election to which this section applies.

21    (e)  A poll watcher is entitled to observe an action taken

22  under Subsection (b) or (c).

23    (f)  The  secretary  of  state  may  prescribe  any  procedures

24  necessary to implement this section.

25    (g)  Notwithstanding  any  other  law,  a  ballot  may  not  be

26  finally rejected for a reason listed in Section 87.041(b)(1), (2),

27  or (6) before the seventh day after election day.

S.B. No. 1

1    SECTION 5.13.  Section 87.041, Election Code, is amended by

2  amending Subsections (b) and (e) and adding Subsection (d-1) to

3  read as follows:

4    (b)  A ballot may be accepted only if:

5        (1)  the  carrier  envelope  certificate  is  properly

6  executed;

7        (2)  neither  the  voter's  signature  on  the  ballot

8  application nor the signature on the carrier envelope certificate

9  is determined to have been executed by a person other than the

10  voter, unless signed by a witness;

11        (3)  the  voter's  ballot  application  states  a  legal

12  ground for early voting by mail;

13        (4)  the voter is registered to vote, if registration

14  is required by law;

15        (5)  the address to which the ballot was mailed to the

16  voter, as indicated by the application, was outside the voter's

17  county of residence, if the ground for early voting is absence from

18  the county of residence;

19        (6)  for a voter to whom a statement of residence form

20  was required to be sent under Section 86.002(a), the statement of

21  residence is returned in the carrier envelope and indicates that

22  the voter satisfies the residence requirements prescribed by

23  Section 63.0011; [and]

24        (7)  the address to which the ballot was mailed to the

25  voter is an address that is otherwise required by Sections 84.002

26  and 86.003; and

27        (8)  the information required under Section 86.002(g)

45

S.B. No. 1

1   provided by the voter identifies the same voter identified on the

2   voter's application for voter registration under Section

3   13.002(c)(8).

4       (d-1)  If a voter provides the information required under

5   Section 86.002(g) and it identifies the same voter identified on

6   the voter's application for voter registration under Section

7   13.002(c)(8), the signature on the ballot application and on the

8   carrier envelope certificate  shall be rebuttably presumed to be

9   the signatures of the voter.

10      (e)  In making the determination under Subsection (b)(2), to

11  determine whether the signatures are those of the voter, the board

12  may also compare the signatures with any known signature [two or

13  more signatures] of the voter [made within the preceding six years

14  and] on file with the county clerk or voter registrar [to determine

15  whether the signatures are those of the voter].

16      SECTION 5.14.  Subchapter C, Chapter 87, Election Code, is

17  amended by adding Section 87.0411 to read as follows:

18      Sec. 87.0411.  OPPORTUNITY TO CORRECT DEFECT:  EARLY VOTING

19  BALLOT BOARD.  (a)  This section applies to an early voting ballot

20  voted by mail:

21          (1)  for which the voter did not sign the carrier

22  envelope certificate;

23          (2)  for which it cannot immediately be determined

24  whether the signature on the carrier envelope certificate is that

25  of the voter;

26          (3)  missing any required statement of residence;

27          (4)  missing information or containing incorrect

46

S.B. No. 1

1    information  required  under  Section  84.002(a)(1-a)  or  Section

2    86.002; or

3         (5)  containing incomplete information with respect to

4    a witness.

5         (b)  Not later than the second business day after an early

6    voting ballot board discovers a defect described by Subsection (a)

7    and before the board decides whether to accept or reject a timely

8    delivered ballot under Section 87.041, the board shall:

9         (1)  determine if it would be possible for the voter to

10   correct the defect and return the carrier envelope before the time

11   the polls are required to close on election day; and

12        (2)  return the carrier envelope to the voter by mail,

13   if the board determines that it would be possible for the voter to

14   correct the defect and return the carrier envelope before the time

15   the polls are required to close on election day.

16        (c)  If  the  early  voting  ballot  board  determines  under

17   Subsection (b)(1) that it would not be possible for the voter to

18   correct the defect and return the carrier envelope before the time

19   the polls are required to close on election day, the board may

20   notify the voter of the defect by telephone or e-mail and inform the

21   voter that the voter may request to have the voter's application to

22   vote by mail canceled in the manner described by Section 84.032 or

23   come to the early voting clerk's office in person not later than the

24   sixth day after election day to correct the defect.

25        (d)  If  the  early  voting  ballot  board  takes  an  action

26   described by Subsection (b) or (c), the board must take either

27   action described by that subsection with respect to each ballot in

47

S.B. No. 1

1 the election to which this section applies.

2    (e)  A poll watcher is entitled to observe an action taken

3 under Subsection (b) or (c).

4    (f)  The secretary of state may prescribe any procedures

5 necessary to implement this section.

6    (g)  Notwithstanding any other law, a ballot may not be

7 finally rejected for a reason listed in Section 87.041(b)(1), (2),

8 or (6) before the seventh day after election day.

9    SECTION 5.15.  Section 87.0431(b), Election Code, is amended

10 to read as follows:

11    (b)  The early voting clerk shall, not later than the 30th

12 day after election day, deliver notice to the attorney general,

13 including  certified  copies  of  the  carrier  envelope  and

14 corresponding ballot application, of any ballot rejected because:

15        (1)  the voter was deceased;

16        (2)  the voter already voted in person in the same

17 election;

18        (3)  the signatures on the carrier envelope and ballot

19 application were not executed by the same person;

20        (4)  the carrier envelope certificate lacked a witness

21 signature; [or]

22        (5)  the carrier envelope certificate was improperly

23 executed by an assistant; or

24        (6)  the early voting ballot board or the signature

25 verification committee determined that another violation of the

26 Election Code occurred.

27    SECTION 5.16.  Sections 87.062(a) and (c), Election Code,

48

S.B. No. 1

1  are amended to read as follows:

2      (a)  On  the  direction  of  the  presiding  judge,  the  early

3  voting ballot board, in accordance with Section 85.032(b), shall

4  open the <u>containers</u> [~~container~~] for the early voting ballots that

5  are to be counted by the board, remove the contents from <u>each</u> [~~the~~]

6  container, and remove any ballots enclosed in ballot envelopes from

7  their envelopes.

8      (c)  Ballots voted by mail shall be tabulated and stored

9  separately from the ballots voted by personal appearance and shall

10  be separately reported on the returns [~~The  results  of  all  early~~

11  ~~voting ballots counted by the board under this subchapter shall be~~

12  ~~included in the same return~~].

13      SECTION 5.17.  Section 87.103, Election Code, is amended to

14  read as follows:

15      Sec. 87.103.  COUNTING BALLOTS AND PREPARING RETURNS.  (a)

16  The early voting electronic system ballots counted at a central

17  counting station, the ballots cast at precinct polling places, and

18  the ballots voted by mail shall be tabulated separately [~~from the~~

19  ~~ballots cast at precinct polling places~~] and shall be separately

20  reported on the returns.

21      (b)  The  early  voting  returns  prepared  at  the  central

22  counting station must include any early voting results obtained by

23  the early voting ballot board under Subchapter [~~Subchapters~~] D [~~and~~

24  ~~E~~].

25      SECTION 5.18.  Section 87.126, Election Code, is amended by

26  adding Subsection (a-1) to read as follows:

27      (a-1)  Electronic  records  made  under  this  section  shall

49

S.B. No. 1

1   record both sides of any application, envelope, or ballot recorded,

2   and all such records shall be provided to the early voting ballot

3   board, the signature verification committee, or both.

4        SECTION 5.19.   Subchapter G, Chapter 87, Election Code, is

5   amended by adding Section 87.128 to read as follows:

6        Sec. 87.128.   NOTES.   (a)   Each member of an early voting

7   ballot board and each member of a signature verification committee

8   is entitled to take any notes reasonably necessary to perform the

9   member's duties under this chapter.

10       (b)   Notes   taken   under   this   section   may   not   contain

11   personally identifiable information.

12       (c)   Each member who takes notes under this section shall

13   sign the notes and deliver them to the presiding judge or committee

14   chair, as applicable, for delivery to the custodian of election

15   records.

16       (d)   Notes collected under this section shall be preserved in

17   the same manner as precinct election records under Section 66.058.

18                    ARTICLE 6.  ASSISTANCE OF VOTERS

19       SECTION 6.01.   Section 64.009, Election Code, is amended by

20   amending Subsection (b) and adding Subsections (e), (f), (f-1),

21   (g), and (h) to read as follows:

22       (b)   The   regular   voting   procedures, except   those   in

23   Subchapter B, may be modified by the election officer to the extent

24   necessary to conduct voting under this section.

25       (e)   Except as provided by Section 33.057, a poll watcher is

26   entitled to observe any activity conducted under this section.

27       (f)   A person who simultaneously assists seven or more voters

S.B. No. 1

1  voting under this section by providing the voters with

2  transportation to the polling place must complete and sign a form,

3  provided by an election officer, that contains the person's name

4  and address and whether the person is providing assistance solely

5  under this section or under both this section and Subchapter B.

6      (f-1)  Subsection (f) does not apply if the person is related

7  to each voter within the second degree by affinity or the third

8  degree by consanguinity, as determined under Subchapter B, Chapter

9  573, Government Code.

10      (g)  A form completed under Subsection (f) shall be delivered

11  to the secretary of state as soon as practicable.  The secretary

12  shall retain a form delivered under this section for the period for

13  preserving the precinct election records and shall make the form

14  available to the attorney general for inspection upon request.

15      (h)  The secretary of state shall prescribe the form

16  described by Subsection (f).

17      SECTION 6.02.  Section 64.031, Election Code, is amended to

18  read as follows:

19      Sec. 64.031.  ELIGIBILITY FOR ASSISTANCE.  A voter is

20  eligible to receive assistance in marking or reading the ballot, as

21  provided by this subchapter, if the voter cannot prepare or read the

22  ballot because of:

23          (1)  a physical disability that renders the voter

24  unable to write or see; or

25          (2)  an inability to read the language in which the

26  ballot is written.

27      SECTION 6.03.  Subchapter B, Chapter 64, Election Code, is

S.B. No. 1

1  amended by adding Section 64.0322 to read as follows:

2      Sec. 64.0322.  SUBMISSION OF FORM BY ASSISTANT.  (a)  A

3  person, other than an election officer, who assists a voter in

4  accordance with this chapter is required to complete a form

5  stating:

6          (1)  the name and address of the person assisting the

7  voter;

8          (2)  the relationship to the voter of the person

9  assisting the voter; and

10          (3)  whether the person assisting the voter received or

11  accepted any form of compensation or other benefit from a

12  candidate, campaign, or political committee.

13      (b)  The secretary of state shall prescribe the form required

14  by this section.  The form must be incorporated into the official

15  carrier envelope if the voter is voting an early voting ballot by

16  mail and receives assistance under Section 86.010, or must be

17  submitted to an election officer at the time the voter casts a

18  ballot if the voter is voting at a polling place or under Section

19  64.009.

20      SECTION 6.04.  Section 64.034, Election Code, is amended to

21  read as follows:

22      Sec. 64.034.  OATH.  A person, other than an election

23  officer, selected to provide assistance to a voter must take the

24  following oath, administered by an election officer at the polling

25  place, before providing assistance:

26      "I swear (or affirm) under penalty of perjury that the voter I

27  am assisting represented to me they are eligible to receive

S.B. No. 1

1  assistance; I will not suggest, by word, sign, or gesture, how the

2  voter should vote; I will confine my assistance to reading the

3  ballot to the voter, directing the voter to read the ballot, marking

4  the voter's ballot, or directing the voter to mark the ballot;

5  [answering the voter's questions, to stating propositions on the

6  ballot, and to naming candidates and, if listed, their political

7  parties;] I will prepare the voter's ballot as the voter directs; I

8  did not pressure or coerce the voter into choosing me to provide

9  assistance; [and] I am not the voter's employer, an agent of the

10  voter's employer, or an officer or agent of a labor union to which

11  the voter belongs; I will not communicate information about how the

12  voter has voted to another person; and I understand that if

13  assistance is provided to a voter who is not eligible for

14  assistance, the voter's ballot may not be counted."

15      SECTION 6.05.  Sections 86.010(e), (h), and (i), Election

16  Code, are amended to read as follows:

17      (e)  A person who assists a voter to prepare a ballot to be

18  voted by mail shall enter on the official carrier envelope of the

19  voter:

20          (1)  the person's signature, printed name, and

21  residence address;

22          (2)  the relationship of the person providing the

23  assistance to the voter; and

24          (3)  whether the person received or accepted any form

25  of compensation or other benefit from a candidate, campaign, or

26  political committee in exchange for providing assistance [on the

27  official carrier envelope of the voter].

53

S.B. No. 1

1        (h)  Subsection (f) does not apply:

2            (1)  to a violation of Subsection (c), if the person is

3    related to the voter within the second degree by affinity or the

4    third degree by consanguinity, as determined under Subchapter B,

5    Chapter 573, Government Code, or was physically living in the same

6    dwelling as the voter at the time of the event; or

7            (2)  to a violation of Subsection (e), if the person is

8    related to the voter within the second degree by affinity or the

9    third degree by consanguinity, as determined under Subchapter B,

10   Chapter 573, Government Code.

11       (i)  An  offense  under  this  section  for a violation of

12   Subsection (c) is increased to the next higher category of offense

13   if it is shown on the trial of an offense under this section that:

14           (1)  the  defendant  was  previously  convicted  of  an

15   offense under this code;

16           (2)  the offense involved a voter 65 years of age or

17   older; or

18           (3)  the defendant committed another offense under this

19   section in the same election.

20       SECTION 6.06.  Section 86.0105, Election Code, is amended by

21   amending Subsections (a), (c), and (e) and adding Subsection (f) to

22   read as follows:

23       (a)  A person commits an offense if the person:

24           (1)  compensates or offers to compensate another person

25   for assisting voters as provided by Section 86.010[, as part of any

26   performance-based compensation scheme based on the number of voters

27   assisted or in which another person is presented with a quota of

54

S.B. No. 1

1  ~~voters to be assisted as provided by Section 86.010~~]; <u>or</u>

2         (2)  <u>solicits, receives, or</u> [~~engages in another~~

3  ~~practice that causes another person's compensation from or~~

4  ~~employment status with the person to be dependent on the number of~~

5  ~~voters assisted as provided by Section 86.010; or~~

6         [~~(3)  with knowledge that accepting compensation for~~

7  ~~such activity is illegal,~~] accepts compensation for an activity

8  described by Subdivision (1) [~~or (2)~~].

9    (c)  An offense under this section is a state jail felony [~~if~~

10 ~~it is shown on the trial of an offense under this section that the~~

11 ~~defendant was previously convicted two or more times under this~~

12 ~~section~~].

13   (e)  For purposes of this section, compensation means <u>an</u>

14 <u>economic benefit as defined by Section 38.01, Penal Code</u> [~~any form~~

15 ~~of monetary payment, goods, services, benefits, or promises or~~

16 ~~offers of employment, or any other form of consideration offered to~~

17 ~~another person in exchange for assisting voters~~].

18   <u>(f)  This section does not apply if the person assisting a</u>

19 <u>voter is an attendant or caregiver previously known to the voter.</u>

20   SECTION 6.07.  Section 86.013(b), Election Code, is amended

21 to read as follows:

22   (b)  Spaces must appear on the reverse side of the official

23 carrier envelope for:

24         (1)  indicating the identity and date of the election;

25 [~~and~~]

26         (2)  entering the signature, printed name, and

27 residence address of a person other than the voter who deposits the

S.B. No. 1

1  carrier envelope in the mail or with a common or contract carrier;

2  and

3              (3)  indicating the relationship of that person to the

4  voter.

5        SECTION 6.08.  (a)  The secretary of state shall conduct a

6  study  regarding  the  implementation  of  educational  programs,

7  including  the  production  and  publication  on  the  secretary  of

8  state's Internet website of instructional videos, to help voters

9  with disabilities understand how to use voting systems used in this

10  state.

11        (b)  Not later than December 1, 2022, the secretary of state

12  shall  submit  to  the  standing  committees  of  the  legislature  with

13  jurisdiction over elections a report on the study required by this

14  section.

15        (c)  The secretary of state, using existing resources, may

16  contract with a qualified vendor to conduct the study required by

17  this section.

18        (d)  This section expires December 1, 2023.

19              ARTICLE 7.  FRAUD AND OTHER UNLAWFUL PRACTICES

20        SECTION 7.01.  Chapter  63,  Election  Code,  is  amended  by

21  adding Section 63.0111 to read as follows:

22        Sec. 63.0111.  OFFENSES RELATED TO PROVISIONAL VOTING.  (a)

23  An  election  judge  commits  an  offense  if  the  judge  knowingly

24  provides a voter with a form for an affidavit required by Section

25  63.001 if the form contains information that the judge entered on

26  the form knowing it was false.

27        (b)  An offense under this section is a state jail felony.

56

S.B. No. 1

1    SECTION 7.02.  Sections 276.004(a) and (b), Election Code,
2  are amended to read as follows:

3    (a)  A person commits an offense if, with respect to another
4  person over whom the person has authority in the scope of
5  employment, the person knowingly:

6         (1)  refuses to permit the other person to be absent
7  from work on election day or while early voting is in progress for
8  the purpose of attending the polls to vote; or

9         (2)  subjects or threatens to subject the other person
10  to a penalty for attending the polls on election day or while early
11  voting is in progress to vote.

12    (b)  It is an exception to the application of this section
13  that the person's conduct occurs in connection with an election in
14  which the polls are open on election day or while early voting is in
15  progress for voting for two consecutive hours outside of the
16  voter's working hours.

17    SECTION 7.03.  Sections 276.013(a) and (b), Election Code,
18  are amended to read as follows:

19    (a)  A person commits an offense if the person knowingly or
20  intentionally makes any effort to:

21         (1)  influence the independent exercise of the vote of
22  another in the presence of the ballot or during the voting process,
23  including by altering the ballot of another or by otherwise causing
24  a ballot to not reflect the intent of the voter;

25         (2)  cause a voter to become registered, a ballot to be
26  obtained, or a vote to be cast under false pretenses; [or]

27         (3)  cause any false or intentionally misleading

57

S.B. No. 1

1  statement, representation, or information to be provided:

2              (A)  to an election official; or

3              (B)  on an application for ballot by mail, carrier

4  envelope, or any other official election-related form or document;

5              (4)  prevent a voter from casting a legal ballot in an

6  election in which the voter is eligible to vote;

7              (5)  provide false information to a voter with the

8  intent of preventing the voter from voting in an election in which

9  the voter is eligible to vote;

10             (6)  cause the ballot not to reflect the intent of the

11 voter;

12             (7)  cause a ballot to be voted for another person that

13 the person knows to be deceased or otherwise knows not to be a

14 qualified or registered voter;

15             (8)  cause or enable a vote to be cast more than once in

16 the same election; or

17             (9)  discard or destroy a voter's completed ballot

18 without the voter's consent.

19        (b)  An offense under this section is a Class A misdemeanor,

20 unless:

21             (1)  the person committed the offense while acting in

22 the person's capacity as an elected official, in which case the

23 offense is a state jail felony; or

24             (2)  the person is convicted of an attempt, in which

25 case the offense is a Class B [A] misdemeanor.

26        SECTION 7.04.  Chapter 276, Election Code, is amended by

27 adding Sections 276.015, 276.016, 276.017, 276.018, and 276.019 to

S.B. No. 1

1  read as follows:

2      Sec. 276.015.  VOTE HARVESTING.  (a)  In this section:

3          (1)  "Benefit" means anything reasonably regarded as a

4  gain or advantage, including a promise or offer of employment, a

5  political favor, or an official act of discretion, whether to a

6  person or another party whose welfare is of interest to the person.

7          (2)  "Vote harvesting services" means in-person

8  interaction with one or more voters, in the physical presence of an

9  official ballot or a ballot voted by mail, intended to deliver votes

10  for a specific candidate or measure.

11      (b)  A person commits an offense if the person, directly or

12  through a third party, knowingly provides or offers to provide vote

13  harvesting services in exchange for compensation or other benefit.

14      (c)  A person commits an offense if the person, directly or

15  through a third party, knowingly provides or offers to provide

16  compensation or other benefit to another person in exchange for

17  vote harvesting services.

18      (d)  A person commits an offense if the person knowingly

19  collects or possesses a mail ballot or official carrier envelope in

20  connection with vote harvesting services.

21      (e)  This section does not apply to:

22          (1)  an activity not performed in exchange for

23  compensation or a benefit;

24          (2)  interactions that do not occur in the presence of

25  the ballot or during the voting process;

26          (3)  interactions that do not directly involve an

27  official ballot or ballot by mail;

59

S.B. No. 1

1  　　　　(4)　interactions that are not conducted in-person with

2  a voter; or

3  　　　　(5)　activity that is not designed to deliver votes for

4  or against a specific candidate or measure.

5  　　(f)　An offense under this section is a felony of the third

6  degree.

7  　　(g)　If conduct that constitutes an offense under this

8  section also constitutes an offense under any other law, the actor

9  may be prosecuted under this section, the other law, or both.

10  　　(h)　Records necessary to investigate an offense under this

11  section or any other section of this code shall be provided by an

12  election officer in an unredacted form to a law enforcement officer

13  upon request.　Records obtained under this subsection are not

14  subject to public disclosure.

15  　　Sec. 276.016.　UNLAWFUL SOLICITATION AND DISTRIBUTION OF

16  APPLICATION TO VOTE BY MAIL.　(a)　A public official or election

17  official commits an offense if the official, while acting in an

18  official capacity, knowingly:

19  　　　　(1)　solicits the submission of an application to vote

20  by mail from a person who did not request an application;

21  　　　　(2)　distributes an application to vote by mail to a

22  person who did not request the application unless the distribution

23  is expressly authorized by another provision of this code;

24  　　　　(3)　authorizes or approves the expenditure of public

25  funds to facilitate third-party distribution of an application to

26  vote by mail to a person who did not request the application; or

27  　　　　(4)　completes any portion of an application to vote by

S.B. No. 1

1  mail and distributes the application to an applicant.

2      (b)   An offense under this section is a state jail felony.

3      (c)   Subsection (a)(2) does not apply if the public official

4  or election official engaged in the conduct described by Subsection

5  (a)(2) by providing access to an application to vote by mail from a

6  publicly accessible Internet website.

7      (d)   Subsection (a)(4) does not apply if the public official

8  or election official engaged in the conduct described by Subsection

9  (a)(4) while lawfully assisting the applicant under Section 84.003.

10      (e)   Subsection (a) does not apply if the public official or

11  election official:

12          (1)   provided general information about voting by mail,

13  the vote by mail process, or the timelines associated with voting to

14  a person or the public; or

15          (2)   engaged in the conduct described by Subsection (a)

16  while acting in the official's capacity as a candidate for a public

17  elective office.

18      (f)   The remedy provided under this chapter is cumulative,

19  and does not restrict any other remedies provided by this code or by

20  law.  A violation of this section is subject to injunctive relief or

21  mandamus as provided by this code.

22      Sec. 276.017.   UNLAWFUL DISTRIBUTION OF EARLY VOTING BALLOTS

23  AND BALLOTING MATERIALS.   (a)   The early voting clerk or other

24  election official commits an offense if the clerk or official

25  knowingly mails or otherwise provides an early voting ballot by

26  mail or other early voting by mail ballot materials to a person who

27  the clerk or official knows did not submit an application for a

S.B. No. 1

1  ballot to be voted by mail under Section 84.001.

2      (b)  An offense under this section is a Class A misdemeanor.

3      Sec. 276.018.  PERJURY IN CONNECTION WITH CERTAIN ELECTION

4  PROCEDURES.  (a) A person commits an offense if, with the intent to

5  deceive, the person knowingly or intentionally makes a false

6  statement or swears to the truth of a false statement:

7          (1)  on a voter registration application; or

8          (2)  previously made while making an oath, declaration,

9  or affidavit described by this code.

10      (b)  An offense under this section is a state jail felony.

11      Sec. 276.019.  UNLAWFUL ALTERING OF ELECTION PROCEDURES.  A

12  public official or election official may not create, alter, modify,

13  waive, or suspend any election standard, practice, or procedure

14  mandated by law or rule in a manner not expressly authorized by this

15  code.

16              ARTICLE 8.  ENFORCEMENT

17      SECTION 8.01.  Subchapter E, Chapter 31, Election Code, is

18  amended by adding Sections 31.128, 31.129, and 31.130 to read as

19  follows:

20      Sec. 31.128.  RESTRICTION ON ELIGIBILITY.  (a)  In this

21  section, "election official" does not include a chair of a county

22  political party holding a primary election or a runoff primary

23  election.

24      (b)  A person may not serve as an election official if the

25  person has been finally convicted of an offense under this code.

26      Sec. 31.129.  CIVIL PENALTY. (a)  In this section, "election

27  official" has the meaning assigned by Section 31.128.

S.B. No. 1

1       (b)  An election official may be liable to this state for a

2  civil penalty if the official:

3           (1)  is employed by or is an officer of this state or a

4  political subdivision of this state; and

5           (2)  violates a provision of this code.

6       (c)  A civil penalty imposed under this section may include

7  termination of the person's employment and loss of the person's

8  employment benefits.

9       Sec. 31.130.  SUIT AGAINST ELECTION OFFICER.  An action,

10  including an action for a writ of mandamus, alleging that an

11  election officer violated a provision of this code while acting in

12  the officer's official capacity may only be brought against the

13  officer in the officer's official capacity.

14       SECTION 8.02.  Sections 232.008(b), (c), and (d), Election

15  Code, are amended to read as follows:

16       (b)  Except as provided by Subsection (c), a contestant must

17  file the petition not later than the later of the 45th [30th] day

18  after the date the election records are publicly available under

19  Section 1.012 or the official result of the contested election is

20  determined.

21       (c)  A contestant must file the petition not later than the

22  later of the 15th [10th] day after the date the election records are

23  publicly available under Section 1.012 or the official result is

24  determined in a contest of:

25           (1)  a primary or runoff primary election; or

26           (2)  a general or special election for which a runoff is

27  necessary according to the official result or will be necessary if

63

S.B. No. 1

1  the contestant prevails.

2     (d)  A contestant must deliver, electronically or otherwise,

3  a copy of the petition to the secretary of state by the same

4  deadline prescribed for the filing of the petition.

5     SECTION 8.03.  Title 14, Election Code, is amended by adding

6  Subtitle D to read as follows:

7             SUBTITLE D.  OTHER ELECTION LAWSUITS

8     CHAPTER 247.  LAWSUIT ALLEGING IMPROPER ELECTION ACTIVITIES

9     Sec. 247.001.  PETITION  ALLEGING  FRAUD.  This  chapter

10 applies to a civil suit in which a candidate in an election alleges

11 in the petition that an opposing candidate, an agent of the opposing

12 candidate, or a person acting on behalf of the opposing candidate

13 with the candidate's knowledge violated any of the following

14 sections of this code:

15           (1)  Section 13.007;

16           (2)  Section 64.012;

17           (3)  Section 64.036;

18           (4)  Section 84.003;

19           (5)  Section 84.0041;

20           (6)  Section 86.0051;

21           (7)  Section 86.006;

22           (8)  Section 86.010;

23           (9)  Section 276.013; and

24           (10)  Section 276.015.

25     Sec. 247.002.  PROCEDURE.  A candidate in an election may

26 file a petition for an action under this chapter in any county where

27 a defendant resided at the time of the election.  If the election is

S.B. No. 1

1   for a statewide office, the candidate may also file the petition in

2   a district court in Travis County.

3       Sec. 247.003.   FILING PERIOD FOR PETITION.  A candidate in an

4   election may file a petition for an action under this chapter not

5   earlier than the day after the date the election is certified and

6   not later than the 45th day after the later of that date or the date

7   election records are made publicly available under Section 1.012.

8       Sec. 247.004.  DAMAGES.   (a)   If it is shown by a

9   preponderance of the evidence that a defendant, an agent of the

10  defendant, or a person acting on behalf of the defendant with the

11  defendant's knowledge committed one or more violations of a section

12  described by Section 247.001, the defendant is liable to the

13  plaintiff for damages in an amount of $1,000 for each violation.

14      (b)  Notwithstanding Section 41.004, Civil Practice and

15  Remedies Code, a court shall award damages under Subsection (a) to

16  the plaintiff irrespective of whether the plaintiff is awarded

17  actual damages.

18      Sec. 247.005.  ATTORNEY'S FEES.   In an action under this

19  chapter, the court may award reasonable attorney's fees to the

20  prevailing party.

21      SECTION 8.04.  Section 273.061, Election Code, is amended to

22  read as follows:

23      Sec. 273.061.  JURISDICTION.  (a)  The supreme court or a

24  court of appeals may issue a writ of mandamus to compel the

25  performance of any duty imposed by law in connection with the

26  holding of an election or a political party convention, regardless

27  of whether the person responsible for performing the duty is a

S.B. No. 1

1  public officer.

2      (b)  The  court  of  criminal  appeals  may  issue  a  writ  of

3  mandamus to compel the performance of any duty imposed by law in

4  connection  with  the  provision,  sequestration,  transfer,  or

5  impoundment  of  evidence  in  or  records  relating  to  a  criminal

6  investigation conducted under this code or conducted in connection

7  with the conduct of an election or political party convention.  If a

8  writ of mandamus is issued under this subsection, it shall include

9  an  order  requiring  the  provision,  sequestration,  transfer,  or

10  impoundment of the evidence or record.

11      SECTION 8.05.   Subchapter D, Chapter 22, Government Code, is

12  amended by adding Sections 22.304 and 22.305 to read as follows:

13      Sec. 22.304.   COURT SITTING IN PANELS FOR CERTAIN ELECTION

14  PROCEEDINGS; CRIMINAL OFFENSE.   (a)   In this section, "public

15  official" means any person elected, selected, appointed, employed,

16  or otherwise designated as an officer, employee, or agent of this

17  state, a government agency, a political subdivision, or any other

18  public body established by state law.

19      (b)  Notwithstanding  any  other  law  or  rule,  a  court

20  proceeding entitled to priority under Section 22.305 and filed in a

21  court of appeals shall be docketed by the clerk of the court and

22  assigned to a panel of three justices determined using an automated

23  assignment system.

24      (c)  A  person,  including  a  public  official,  commits  an

25  offense  if  the  person  communicates  with  a  court  clerk  with  the

26  intention of influencing or attempting to influence the composition

27  of a three-justice panel assigned a specific proceeding under this

S.B. No. 1

1  section.

2      (d)  An offense under this section is a Class A misdemeanor.

3      Sec. 22.305.  PRIORITY OF CERTAIN ELECTION PROCEEDINGS.  (a)

4  The supreme court or a court of appeals shall prioritize over any

5  other proceeding pending or filed in the court a proceeding for

6  injunctive relief or for a writ of mandamus under Chapter 273,

7  Election Code, pending or filed in the court on or after the 70th

8  day before a general or special election.

9      (b)  If granted, oral argument for a proceeding described by

10  Subsection (a) may be given in person or through electronic means.

11      SECTION 8.06.  Section 23.101, Government Code, is amended

12  by amending Subsection (a) and adding Subsections (b-1) and (b-2)

13  to read as follows:

14      (a)  Except as provided by Subsection (b-1), the [The] trial

15  courts of this state shall regularly and frequently set hearings

16  and trials of pending matters, giving preference to hearings and

17  trials of the following:

18          (1)  temporary injunctions;

19          (2)  criminal actions, with the following actions given

20  preference over other criminal actions:

21              (A)  criminal actions against defendants who are

22  detained in jail pending trial;

23              (B)  criminal actions involving a charge that a

24  person committed an act of family violence, as defined by Section

25  71.004, Family Code;

26              (C)  an offense under:

27                  (i)  Section 21.02 or 21.11, Penal Code;

67

S.B. No. 1

1                       (ii)   Chapter 22, Penal Code, if the victim

2  of the alleged offense is younger than 17 years of age;

3                       (iii)  Section 25.02, Penal Code, if the

4  victim of the alleged offense is younger than 17 years of age;

5                       (iv)   Section 25.06, Penal Code;

6                       (v)    Section 43.25, Penal Code; or

7                       (vi)   Section 20A.02(a)(7), 20A.02(a)(8),

8  or 20A.03, Penal Code;

9                  (D)   an offense described by Article 62.001(6)(C)

10  or (D), Code of Criminal Procedure; and

11                  (E)   criminal actions against persons who are

12  detained as provided by Section 51.12, Family Code, after transfer

13  for prosecution in criminal court under Section 54.02, Family Code;

14            (3)   election contests and suits under the Election

15  Code;

16            (4)   orders for the protection of the family under

17  Subtitle B, Title 4, Family Code;

18            (5)   appeals of final rulings and decisions of the

19  division of workers' compensation of the Texas Department of

20  Insurance regarding workers' compensation claims and claims under

21  the Federal Employers' Liability Act and the Jones Act;

22            (6)   appeals of final orders of the commissioner of the

23  General Land Office under Section 51.3021, Natural Resources Code;

24            (7)   actions in which the claimant has been diagnosed

25  with malignant mesothelioma, other malignant asbestos-related

26  cancer, malignant silica-related cancer, or acute silicosis; and

27            (8)   appeals brought under Section 42.01 or 42.015, Tax

S.B. No. 1

1  Code, of orders of appraisal review boards of appraisal districts
2  established for counties with a population of less than 175,000.

3      (b-1)  Except for a criminal case in which the death penalty
4  has been or may be assessed or when it would otherwise interfere
5  with a constitutional right, the trial courts of this state shall
6  prioritize over any other proceeding pending or filed in the court a
7  proceeding for injunctive relief under Chapter 273, Election Code,
8  pending or filed in the court on or after the 70th day before a
9  general or special election.

10     (b-2)  A hearing in a proceeding described by Subsection
11  (b-1) may be held in person or through electronic means, as
12  determined by the court.

13     SECTION 8.07.  Chapter 23, Government Code, is amended by
14  adding Subchapter D to read as follows:

15            SUBCHAPTER D.  GENERAL PROVISIONS

16     Sec. 23.301.  ASSIGNMENT OF CERTAIN ELECTION PROCEEDINGS;
17  CRIMINAL OFFENSE.  (a)  Notwithstanding any other law or rule, the
18  clerk of a district court in which a proceeding entitled to priority
19  under Section 23.101(b-1) is filed shall docket the proceeding and,
20  if more than one district court in the county has jurisdiction over
21  the proceeding, randomly assign the proceeding to a district court
22  using an automated assignment system.

23     (b)  Notwithstanding any other law or rule, the clerk of a
24  county court or statutory county court in which a proceeding
25  entitled to priority under Section 23.101(b-1) is filed shall
26  docket the proceeding and, if more than one court in the county has
27  jurisdiction over the proceeding, randomly assign the proceeding to

69

S.B. No. 1

1  a court using an automated assignment system.

2      (c)  A person, including a public official, commits an

3  offense if the person communicates with a county or district clerk

4  with the intention of influencing or attempting to influence the

5  court or judge assigned to a proceeding under this section.

6      (d)  An offense under this section is a Class A misdemeanor,

7  except that the offense is a state jail felony if it is shown on the

8  trial of the offense that the person committed the offense while

9  acting in the person's official capacity as an election official.

10     (e)  If a district or county clerk does not comply with this

11 section, a person may seek from the supreme court or a court of

12 appeals a writ of mandamus as provided by Section 273.061, Election

13 Code, to compel compliance with this section.

14     Sec. 23.302.  DEADLINES IN CERTAIN ELECTION PROCEEDINGS.

15 (a)  Not later than 24 hours after the proceeding is filed, a judge

16 to whom a case is assigned under Section 23.301(b) who wishes to be

17 recused from the proceeding must, before recusal:

18         (1)  hear an application for any emergency temporary

19 relief sought;

20         (2)  grant or deny any emergency temporary relief

21 sought; and

22         (3)  set a scheduling order that provides:

23             (A)  a date for a hearing on any injunction sought

24 not later than five days after the date on which the proceeding was

25 filed; and

26             (B)  discovery and deposition deadlines before

27 the expiration of any emergency relief order entered.

S.B. No. 1

1      (b)  The presiding judge of an administrative region shall

2 assign a new judge to a proceeding assigned under Section 23.301(b)

3 not later than 12 hours after the original judge assigned to the

4 proceeding is recused under Subsection (a).

5      (c)  A final order in a proceeding filed under Section

6 273.081, Election Code, shall be submitted in writing to the

7 parties not later than 24 hours after the judge makes a final

8 determination in the proceeding.

9      (d)  If a district judge does not comply with this section, a

10 person may seek from the supreme court, the court of criminal

11 appeals, or a court of appeals a writ of mandamus as provided by

12 Section 273.061, Election Code, to compel compliance with this

13 section.

14      (e)  Notwithstanding Section 23.101(b-1), a proceeding

15 relating to a permanent injunction being sought in connection to a

16 challenge under Section 141.034, Election Code, may be heard after

17 the primary election has been canvassed.

18      ARTICLE 9.  INELIGIBLE VOTERS AND RELATED REFORMS

19      SECTION 9.01.  Chapter 42, Code of Criminal Procedure, is

20 amended by adding Article 42.0194 to read as follows:

21      Art. 42.0194.  FINDING REGARDING FELONY CONVICTION.  In the

22 trial of a felony offense, if the defendant is adjudged guilty of

23 the offense, the court shall:

24      (1)  make an affirmative finding that the person has

25 been found guilty of a felony and enter the affirmative finding in

26 the judgment of the case; and

27      (2)  instruct the defendant regarding how the felony

71

S.B. No. 1

1  conviction will impact the defendant's right to vote in this state.

2  SECTION 9.02.  Article 42.01, Code of Criminal Procedure, as

3  effective September 1, 2021, is amended by adding Section 16 to read

4  as follows:

5  Sec. 16.  In addition to the information described by

6  Section 1, the judgment should reflect the affirmative finding and

7  instruction entered pursuant to Article 42.0194.

8  SECTION 9.03.  Section 64.012, Election Code, is amended by

9  amending Subsections (a) and (b) and adding Subsections (c) and (d)

10  to read as follows:

11  (a)  A person commits an offense if the person knowingly or

12  intentionally:

13  (1)  votes or attempts to vote in an election in which

14  the person knows the person is not eligible to vote;

15  (2)  [knowingly] votes or attempts to vote more than

16  once in an election;

17  (3)  [knowingly] votes or attempts to vote a ballot

18  belonging to another person, or by impersonating another person;

19  [or]

20  (4)  [knowingly] marks or attempts to mark any portion

21  of another person's ballot without the consent of that person, or

22  without specific direction from that person how to mark the ballot;

23  or

24  (5)  votes or attempts to vote in an election in this

25  state after voting in another state in an election in which a

26  federal office appears on the ballot and the election day for both

27  states is the same day.

S.B. No. 1

1    (b)  An offense under this section is a Class A misdemeanor

2    [felony of the second degree unless the person is convicted of an

3    attempt.  In that case, the offense is a state jail felony].

4    (c)  A person may not be convicted solely upon the fact that

5    the person signed a provisional ballot affidavit under Section

6    63.011 unless corroborated by other evidence that the person

7    knowingly committed the offense.

8    (d)  If conduct that constitutes an offense under this

9    section also constitutes an offense under any other law, the actor

10   may be prosecuted under this section, the other law, or both.

11       SECTION 9.04.  The change in law made by this article in

12   adding Section 64.012(c), Election Code, applies to an offense

13   committed before, on, or after the effective date of this Act,

14   except that a final conviction for an offense under that section

15   that exists on the effective date of this Act remains unaffected by

16   this article.

17       ARTICLE 10.  REPEALER; SEVERABILITY; TRANSITION; EFFECTIVE DATE

18       SECTION 10.01.  The following provisions of the Election

19   Code are repealed:

20          (1)  Section 85.062(e);

21          (2)  Section 86.0105(b); and

22          (3)  Section 127.201(f).

23       SECTION 10.02.  If any provision of this Act or its

24   application to any person or circumstance is held invalid, the

25   invalidity does not affect other provisions or applications of this

26   Act that can be given effect without the invalid provision or

27   application, and to this end the provisions of this Act are declared

S.B. No. 1

1  to be severable.

2      SECTION 10.03.  (a)  Except as otherwise provided by this
3  Act, the changes in law made by this Act apply only to an offense
4  committed on or after the effective date of this Act.  An offense
5  committed before the effective date of this Act is governed by the
6  law in effect when the offense was committed, and the former law is
7  continued in effect for that purpose.  For purposes of this section,
8  an offense was committed before the effective date of this Act if
9  any element of the offense occurred before that date.

10      (b)  The changes in law made by this Act apply only to an
11  election ordered on or after the effective date of this Act.  An
12  election ordered before the effective date of this Act is governed
13  by the law in effect when the election was ordered, and the former
14  law is continued in effect for that purpose.

15      (c)  The changes in law made by this Act apply only to an
16  application to vote an early voting ballot by mail submitted on or
17  after the effective date of this Act.  An application to vote an
18  early voting ballot by mail submitted before the effective date of
19  this Act is governed by the law in effect when the application was
20  submitted, and the former law is continued in effect for that
21  purpose.

22      (d)  The changes in law made by this Act apply only to an
23  application for voter registration submitted on or after the
24  effective date of this Act.

25      (e)  Chapter 247, Election Code, as added by this Act,
26  applies only to a cause of action for which the associated election
27  occurred after the effective date of this Act.

74

S.B. No. 1

1        SECTION 10.04.  This Act takes effect on the 91st day after

2   the last day of the legislative session.

S.B. No. 1

_____         _____
    President of the Senate              Speaker of the House

I hereby certify that S.B. No. 1 passed the Senate on August 12, 2021, by the following vote: Yeas 18, Nays 11; August 27, 2021, Senate refused to concur in House amendments and requested appointment of Conference Committee; August 29, 2021, House granted request of the Senate; August 31, 2021, Senate adopted Conference Committee Report by the following vote: Yeas 18, Nays 13.

                                  _____
                                      Secretary of the Senate

I hereby certify that S.B. No. 1 passed the House, with amendments, on August 27, 2021, by the following vote: Yeas 80, Nays 41, one present not voting; August 29, 2021, House granted request of the Senate for appointment of Conference Committee; August 31, 2021, House adopted Conference Committee Report by the following vote: Yeas 80, Nays 41, one present not voting.

                                  _____
                                      Chief Clerk of the House

Approved:

_____
        Date

_____
        Governor

76