# Exhibit A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, ET AL., § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> GREGORY W. ABBOTT, ET AL., § <br> § <br> *Defendants*. § | Case No. 5:21-cv-844 |

**STATE DEFENDANTS' PARTIALLY-OPPOSED MOTION TO CONSOLIDATE**

## TABLE OF CONTENTS

Introduction ........................................................................................................................................ 1
Background ....................................................................................................................................... 1
Argument ........................................................................................................................................... 3
    I.  Under the First-to-File Rule, This Court Decides the Issue of Consolidation ........................... 3
        A.  The First-to-File Rule Applies Here ................................................................. 3
        B.  This Court Decides the Consolidation Issue ................................................... 5
    II.  This Court Should Consolidate the Four Cases .......................................................... 5
        A.  The Cases were Filed in the Same Court .......................................................... 6
        B.  The Cases Involve Substantially Similar Parties ............................................... 7
        C.  The Cases Involve Nearly Identical Legal Issues ............................................. 8
        D.  There is Little Risk of Confusion if the Cases are Consolidated, But There is Great Risk of Prejudice from Inconsistent Adjudications if They are Not .............................. 8
        E.  Consolidation Will Conserve Judicial Resources ............................................. 9
        F.  All of the Cases are at an Early Stage .............................................................. 9
        G.  The Balance of the Factors Weighs Heavily in Favor of Consolidation ................... 10
        H.  The Cases Must be Consolidated in the San Antonio Division .......................... 10
Conclusion ....................................................................................................................................... 10

**INTRODUCTION**

This lawsuit was filed on September 3, and shortly thereafter, three additional lawsuits were filed in this District challenging the same Senate Bill 1 ("SB1"). *OCA-Greater Houston v. Esparza*, No. 1:21-cv-780 (W.D. Tex.) (Sept. 3, 2021); *Houston Justice v. Abbott*, No. 5:21-cv-848 (W.D. Tex.) (Sept. 7, 2021); *LULAC Tex. v. Esparza*, No. 1:21-cv-786 (W.D. Tex.) (Sept. 7, 2021). The facts and legal issues in these cases overlap extensively. Each case challenges SB1 as violating the First and Fourteenth Amendments and the Voting Rights Act. *E.g.*, ECF 1 ¶ 5; Ex. A ¶ 6 (*OCA-Greater Houston* Complaint); Ex. B ¶ 22 (*Houston Justice* Complaint); Ex. C ¶ 12 (*LULAC* Complaint). Additionally, three cases challenge SB1 as violating the Americans with Disabilities Act, *e.g.,* ECF 1 ¶ 5; Ex. A ¶ 6; Ex. B ¶ 22, two challenge SB1 as violating the Fifteenth Amendment, *e.g.*, ECF 1 ¶ 5; Ex. B ¶ 22, and two challenge SB1 as violating the Rehabilitation Act, *e.g.*, Ex. A ¶ 6; Ex. B ¶ 22. At bottom, each case challenges the same law as violating the Constitution and federal law.

According to the Fifth Circuit's first-to-file rule, this Court has the duty to address the substantive issues raised in these four cases, because this case was filed first. This Court also has a duty to determine how the three subsequently-filed cases should proceed. As explained below, the Court should consolidate the subsequently-filed cases into this one.

At present, only one group of plaintiffs opposes consolidation, while the remainder either do not oppose consolidation or are undecided. Plaintiffs in the present case (with the exception of Isabel Longoria who takes no position) and the plaintiffs in *Houston Justice v. Abbott* do not oppose consolidation. The plaintiffs in *LULAC Tex. v. Esparza* are undecided, while the plaintiffs in *OCA-Greater Houston v. Esparza* oppose consolidation.

**BACKGROUND**

SB1 was sent to Governor Abbott on September 1, 2021, and on September 3, La Unión del Pueblo Entero, along with nine other organizational plaintiffs, Isabel Longoria, and James Lewin, filed

1

this lawsuit asserting multiple counts challenging SB1 as contrary to the Constitution and various federal statutes. ECF 1 ¶¶ 9–21, 189–252. The same day, OCA-Greater Houston, and four other organizational plaintiffs, filed a similar lawsuit challenging SB1 as contrary to the Constitution and some of the same federal statutes in the Austin Division of this District.[1] Ex. A ¶¶ 9–30, 107–218.

Governor Abbott signed SB1 into law on September 7, 2021, and that same day, two more lawsuits were filed in federal court. Houston Justice, along with three other organizational plaintiffs and Jeffrey Clemmons, filed suit in this Division. Ex. B ¶¶ 29–52. They too challenged SB1 as in violation of the Constitution and federal statutes. *Id.* ¶¶ 175–266. LULAC Texas and two other organizational plaintiffs filed the other lawsuit that day, challenging SB1 as violating the Constitution and federal statutes, in the Austin Division of this District. Ex. C ¶¶ 19–25, 243–83.

The Plaintiffs here assert that SB1 violates the First, Fourteenth, and Fifteenth Amendments, Sections 2 and 208 of the Voting Rights Act, the Americans with Disabilities Act, and the Supremacy Clause. ECF 1 ¶¶ 189–252. Their Complaint alleges issues with multiple provisions of SB1. *E.g.*, *id.* ¶ 2. As discussed above, the three subsequently-filed cases challenge the same law, based on alleged issues with the same provisions, and based on the same constitutional amendments and federal statutes. *E.g.*, Ex. A ¶ 79; Ex. B ¶ 21–22; Ex. C ¶¶ 12, 154. These four lawsuits name many of the same defendants. Each names Acting Secretary of State Esparza and Attorney General Paxton, and other common defendants include the Harris County Elections Administrator,[2] Governor Abbott,

---

[1] The present case was the first case filed on September 3, as indicated by the filing fee receipt number here (0542-15188447) being less than that in the *OCA-Greater Houston* case (0542-15189245).

[2] Isabel Longoria is a plaintiff in the present case and a defendant in the other cases. However, this does not foreclose consolidation. *E.g.*, *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No.

and the Travis County Clerk. ECF 1 ¶¶ 22-29, Ex. A ¶¶ 31–36, Ex. B. ¶¶ 53–57, Ex. C ¶¶ 26–33.

**ARGUMENT**

The answers to two questions determine the proper course of action here. First, which court should decide how these cases are to proceed? Under the first-to-file rule, it is this Court that must make that decision. Second, what action should this Court take with respect to the four cases? This Court should consolidate the subsequently-filed cases into this one, as all of the relevant factors weigh in favor of consolidation. These two issues are addressed in turn.

**I.     Under the First-to-File Rule, This Court Decides the Issue of Consolidation**

What to do when parties file substantially-similar lawsuits is determined by the Fifth Circuit's first-to-file rule. *See generally Yeti-Coolers, L.L.C. v. Beavertail Prods., L.L.C.*, No. 1:15-cv-415, 2015 WL 4759297, at *1–2 (W.D. Tex. Aug. 12, 2015) (explaining the rule). It is a discretionary rule, designed "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728–29 (5th Cir 1985)).

**A.  The First-to-File Rule Applies Here**

The first-to-file rule applies because these cases present substantially overlapping issues. *See Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971). The lawsuits do not have to be "identical," but rather need only "overlap on the substantive issues." *Id.* at 408 n.6. Where "the overlap between two suits 'is less than complete, the judgment is made case by case, based on such factors as

---

5:12-cv-146, 2013 WL 1411773, at *1–2 (W.D. Tex. Apr. 8, 2013) (consolidating two cases in which the role of the parties were reversed).

the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.'" *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 948 (5th Cir. 1997) (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)).

The court where suit was first filed determines if the issues substantially overlap and, if they do, what to do with the subsequently-filed cases. *Mann Mfg.*, 439 F.2d at 408. The court where subsequent suits were filed "only determine[] if a *likelihood* of substantial overlap of issues between the two suits has been demonstrated," and if it has, must defer to the first-filed court's decision on how to proceed. *DynaEnergetics Europe GMBH v. Hunting Titan, Inc.*, No. 6:20-cv-69, 2020 WL 3259807, at *1 (W.D. Tex. June 16, 2020) (emphasis added) (citing *Mann Mfg.*, 439 F.2d at 408).

The substantial overlap between the issues in this case and the three that followed it is readily apparent. The four lawsuits allege that SB1 violates the Constitution and federal law. In this case, Plaintiffs challenge provisions of SB1 in Article 2 (Registration of Voters), Article 3 (Conduct and Security of Elections), Article 4 (Election Officers and Observers), Article 5 (Voting by Mail), Article 6 (Assistance of Voters), and Article 7 (Fraud and Other Unlawful Practices). ECF 1 ¶¶ 2, 68, 73, 75–78, 83–87, 89, 97–98, 100–02, 105–08, 111, 113–14, 116–17, 185, 231, 234–36, 238–40, 242–46. The plaintiffs in the other three cases challenge the same Articles in SB1. Ex. A ¶¶ 79, 83, 132, 142-43, 145–46, 158, 174–75, 182–83, 195, 206, 217 (Articles 5, 6, and 7); Ex. B ¶¶ 21-22, 137, 162, 164, 169, 172–74, 240, 251 (Articles 3, 4, 5, 6, and 7); Ex. C ¶¶ 154, 158, 162, 172, 180–82, 246, 253 (Articles 3, 4, 5, 6, and 7). Plaintiffs assert that these provisions violate the First, Fourteenth, and Fifteenth Amendment of the Constitution. ECF 1 ¶¶ 189–08, 223–46, 250–52. So too do the plaintiffs in the subsequently-filed cases. Ex. A ¶¶ 193–218 (1st, 14th); Ex. B ¶¶ 191–237 (1st, 14th, 15th); Ex. C ¶¶ 249–75 (1st, 14th).  Plaintiffs also raise claims under the Voting Rights Act and Americans with Disabilities Act in this case. ECF 1 ¶¶ 209–22. The plaintiffs in the other three cases raise similar claims. Ex. A ¶¶ 112–21, 155–66 (VRA, ADA); Ex. B ¶¶ 175–90, 238–55 (VRA, ADA); Ex. C ¶¶ 243–

4

48, 276–83 (VRA).

There is an exception to the first-to-file rule where certain "compelling circumstances" are present, but the exception does not apply here. *Youngblood v. JTH Tax Servs., Inc.*, No. 5:06-cv-380, 2006 WL 1984656, at *2 (W.D. Tex. July 17, 2006) (citing *Mann Mfg.*, 438 F.2d at 407). Compelling circumstances exist where "a party engaged in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he could file a preemptive lawsuit." *Sirius Computer Sols., Inc. v. Sparks*, 138 F. Supp. 3d 821, 827 (W.D. Tex. 2015) (quoting *Chapa v. Mitchell*, No. 1:05-cv-769, 2005 WL 2978396, at *2 (W.D. Tex. Nov. 4, 2005)). There is nothing to suggest that this exception applies here.

### B. This Court Decides the Consolidation Issue

The first-to-file rule directs that this Court decide whether to consolidate these cases because it is where the first case was filed. The first-to-file rule contains two instructions. First, "the jurisdiction first seized of the issues" should adjudicate the issues on the merits. *Sutter*, 125 F.3d at 917. And second, the first-filed court determines "whether subsequently filed cases involving substantially similar issues should proceed." *Id.* at 920 (quoting *Save Power Ltd.*, 121 F.3d at 948). In other words, the first-to-file rule "not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* According to these principles, this Court must decide the substantive issues presented by Plaintiffs' Complaint and determine what to do with the three subsequently-filed cases. As explained below, the Court should consolidate the three subsequently-filed cases with this one.

### II. This Court Should Consolidate the Four Cases

These cases should be consolidated because they involve common questions of law and fact, and the relevant factors all weigh in favor of consolidation. Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate two or more related cases if they involve "a common

question of law or fact."

> Courts should consider the following five factors in determining whether consolidation is appropriate: (1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy.

*Holmes v. City of San Antonio*, No. 5:21-cv-274, 2021 WL 2878551, at *1 (W.D. Tex. Mar. 30, 2021) (citing *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015)). In addition to these five factors, some courts also consider "whether the cases are at different stages of preparation." *Bryson v. Plaza Oaks BPRE Invs., Inc.*, No. 7:16-cv-029, 2016 WL 8856641, at *2 (W.D. Tex. Sept. 8, 2016) (citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989)).

Although consolidation is discretionary, "[i]n this Circuit, district judges have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (alteration in original) (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966), *cert. denied*, 386 U.S. 958 (1967)). Courts commonly rely on this principle when consolidating cases. *See, e.g.*, *Mission Toxicology L.L.C. v. UnitedHealthcare Ins. Co.*, No. 5:17-cv-1016, 2018 WL 5733197, at *1 (W.D. Tex. Aug. 7, 2018) (quoting *Gentry*, ordering consolidation); *Arnold & Co.*, 2013 WL 1411773, at *2 (same). Indeed, the Fifth Circuit directs that where the need for consolidation is clear, that need should "take precedence over desires of counsel." *Casteneda v. Swift Transp. Corp.*, No. 3:07-cv-369, 2009 WL 10669207, at *2 (W.D. Tex. July 16, 2009) (quoting *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1014 (5th Cir. 2006)).

This case and the three that followed it satisfy the threshold requirement that they involve "a common question of law or fact." Fed. R. Civ. P. 42(a). And, as explained below, each of the pertinent factors weigh heavily in favor of consolidation.

### A.   The Cases were Filed in the Same Court

The first factor weighs in favor of consolidation because the cases were filed in the same court,

that is, the Western District of Texas. That they were filed in different divisions makes no difference because the rule requires only that the cases be in the same *district*, not the same *division*. *See Wion v. Dretke*, No. 7:05-cv-146, 2006 WL 8441507, at *2 (W.D. Tex. July 14, 2006) (citing *Santucci v. Pignatello*, 188 F.2d 643, 645 (D.C. Cir. 1951)); *see also Texas v. United States*, No. 6:21-cv-16, 2021 WL 3171958, at *2 (S.D. Tex. July 26, 2021) (citing *Wharton v. U.S. Dept. of Hous. & Urban Dev.*, No. 2:19-cv-300, 2020 WL 6749943, at *2 (S.D. Tex. Mar. 3, 2020)).

Further, consolidation in the San Antonio Division poses no threat of inconvenience to the Austin plaintiffs. To the extent proceedings are held in person, the locations are only separated by a little over an hour's drive. In addition, it is likely that most of the proceedings will be conducted remotely, which further alleviates any convenience concerns.

### B. The Cases Involve Substantially Similar Parties

The second factor also weighs in favor of consolidation because the cases involve substantially similar parties. As party overlap increases, so too does the efficiency gained by consolidation. *See, e.g.*, *Samarto v. Keller Williams Realty, Inc.*, No. 1:21-cv-76, 2021 WL 3596303, at *2–3 (W.D. Tex. Apr. 27, 2021) (noting common parties, ordering consolidation); *Raymond v. Invest Props., L.L.C.*, No. 5:20-cv-965, 2021 WL 725819, at *2–3 (W.D. Tex. Feb. 17, 2021) (same); *cf. Brown v. Fort Hood Fam. Hous. L.P.*, No. 5:20-CV-704, 2020 WL 10758046, at *2 (W.D. Tex. Sept. 25, 2020) (noting no common parties, denying consolidation). All four lawsuits name Acting Secretary of State Esparza and Attorney General Paxton as defendants. Three lawsuits name Harris County Elections Administrator Isabel Longoria as a defendant, while two name Governor Abbott and Travis County Clerk Dana DeBeauvoir as defendants. And the four sets of plaintiffs, though nominally different, are quite similar in substance. Most of the plaintiffs are organizations who purport to represent the interests of their respective voter constituencies. They all allege similar harms by the same law for similar reasons.

### C. The Cases Involve Nearly Identical Legal Issues

The third factor weighs heavily in favor of consolidation because the four cases present nearly identical legal and factual issues. Similar to the second factor, as the overlap of factual and legal issues increases, so too does the efficiency gained by consolidation. This is so because, where substantially-similar cases are not consolidated, discovery and motion practice are "likely to be highly duplicative, which risks unnecessary costs and delay." *Dryshod Int'l, L.L.C. v. Haas Outdoors, Inc.*, No. 1:18-CV-596, 2019 WL 5149860, at *2 (W.D. Tex. Jan. 18, 2019); *see also Samataro*, 2021 WL 3596303, at *3. As explained above, the four cases challenge the same provisions of SB1 as contrary to the many of the same constitutional amendments and federal statutes. Any minor differences with respect to the particular plaintiffs do not override the substantial similarity between the facts and legal issues in these four lawsuits. What is of overriding importance is that the core issues—whether SB1 violates the Constitution and federal law—are the same.

### D. There is Little Risk of Confusion if the Cases are Consolidated, But There is Great Risk of Prejudice from Inconsistent Adjudications if They are Not

The fourth factor weighs heavily in favor of consolidation. The fourth factor asks the Court to weigh the risk of confusion if the cases are consolidated against the risk and prejudice of inconsistent adjudications if they are not. There are two competing concerns. On the one hand, a jury may improperly blend the issues in a consolidated case. On the other, the same issue may be inconsistently decided in unconsolidated cases. *See, e.g.*, *Yeti Coolers*, 2015 WL 4759297, at *2; *Lay v. Spectrum Clubs, Inc.*, No. 5:12-cv-754, 2013 WL 788080, at *2–3 (W.D. Tex. Mar. 1, 2013).

This factor weighs heavily in favor of consolidation for two reasons. First, inconsistent adjudications would be especially prejudicial in these circumstances. The issue of SB1's legality is the quintessential type of issue that "call[s] for a uniform result," and resolution of that question will not be aided by multiple decisions. *Yeti Coolers*, 2015 WL 4759297, at *1 (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011)). The common issues presented by these four

cases have only one answer: SB1 is either a valid act of the Texas Legislature or it is not. The issues presented in these cases demand uniform resolution, and consolidation will help ensure that uniformity. The risk of prejudice in the event of inconsistent adjudications is high.

Second, consolidation poses no risk of confusion or prejudice to the plaintiffs. As a preliminary matter, the four complaints raise only equitable claims, meaning there will not be a jury that might be confused by consolidation. And to the extent consolidation would pose *any* procedural confusion, it would be greatly outweighed both parties' interest in reaching a consistent judgment.

### E.  Consolidation Will Conserve Judicial Resources

The fifth and final factor, whether consolidation will conserve resources and promote judicial economy, weighs in favor of consolidation because these cases involve the same legal and factual issues and will, therefore, proceed along the same procedural path. Consolidation promotes judicial economy where the related cases will draw from the same witnesses or other sources of discovery, involve similar legal briefing, turn on similar issues of fact or law, or are otherwise able to efficiently proceed together. *See Frazier*, 980 F.2d at 1532; *see, e.g.*, *Dryshod*, 2019 WL 5149860, at *2; *RTIC Drinkware, L.L.C. v. YETI Coolers, L.L.C.*, No. 1:16-cv-907, 2017 WL 5244173, at *3 (W.D. Tex. Jan. 18, 2017); *Lay*, 2013 WL 788080, at *3. As explained above, each of these cases will determine whether SB1 is contrary to the Constitution and federal law. Those legal issues can be decided together. Further, if the cases proceed to discovery, the parties can conduct discovery together, and they will no doubt rely on much the same evidence in subsequent motion practice or at trial. In short, all pertinent considerations indicate that these cases should be combined and that consolidation will result in significant conservation of judicial resources.

### F. All of the Cases are at an Early Stage

Some courts also consider whether the cases are at similar stages of development, and this additional factor weighs strongly in favor of consolidation. Courts considering this factor find it

efficient to consolidate cases that are both newly filed, or both ready for trial. Likewise, it is inefficient to consolidate cases that are at starkly different stages in the litigation process. *See, e.g.*, *RTIC Drinkware*, 2017 WL 5244173, at *3; *Lay*, 2013 WL 788080, at *3. All four cases challenging SB1 are at a very early stage. Indeed, the cases were filed within four days of each other. Neither this Court nor the Austin Division has held an initial conference. Nor have the parties in any of these cases conducted any discovery or filed any substantive briefing. Consolidation at this early point in time is entirely appropriate and does not pose any logistical concerns.

### G.     The Balance of the Factors Weighs Heavily in Favor of Consolidation

The pertinent considerations overwhelmingly favor consolidation. Most importantly, the four cases involve similar legal issues and facts. The legal issues must be decided uniformly, and consolidation will ensure there are no inconsistent adjudications. The four cases are also before the same court, involve substantially similar parties, and are at a very early stage. Further, consolidation poses no risk of confusion and will greatly conserve judicial resources. For these reasons, the proper course is for the Court to consolidate the three subsequently-filed cases into this one.

### H.     The Cases Must be Consolidated in the San Antonio Division

Because the factors all favor consolidation, the four cases must be consolidated in the San Antonio Division. The "common practice" in the Western District of Texas is "for cases to be consolidated into the first-filed case." *Holmes*, 2021 WL 2878551, at *2.

### CONCLUSION

The State Defendants respectfully request that the Court consolidate *OCA-Greater Houston v. Esparza*, *Houston Justice v. Abbott*, and *LULAC Tex. v. Esparza* into this matter.

10

| | |
|---|---|
| Date: September 14, 2021 | Respectfully submitted. |
| | |
| KEN PAXTON | /s/ *Patrick K. Sweeten* |
| Attorney General of Texas | PATRICK K. SWEETEN |
| | Deputy Attorney General for Special Litigation |
| BRENT WEBSTER | Tex. State Bar No. 00798537 |
| First Assistant Attorney General | |

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel
Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415
\**Application for Admission Forthcoming*

LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
Tex. State Bar No. 24064380

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
eric.hudson@oag.texas.gov
kathleen.hunker@oag.texas.gov
leif.olson@oag.texas.gov
jeff.white@oag.texas.gov

**COUNSEL FOR DEFENDANTS GREGORY W. ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF TEXAS, JOSE A. ESPARZA, IN HIS OFFICIAL CAPACITY AS DEPUTY SECRETARY OF STATE OF TEXAS, AND WARREN K. PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS**

**CERTIFICATE OF CONFERENCE**

I certify that on September 13 and 14, 2021, counsel for the State Defendants conferred with counsel for Plaintiffs in the present case, and counsel for the plaintiffs in *OCA-Greater Houston v. Esparza*, No. 1:21-cv-780 (W.D. Tex.), *Houston Justice v. Abbott*, No. 5:21-cv-848 (W.D. Tex.), and *LULAC Tex. v. Esparza*, No. 1:21-cv-786 (W.D. Tex.), about the foregoing motion. Plaintiffs in the present case (with the exception of Isabel Longoria who takes no position) and the plaintiffs in the *Houston Justice* case do not oppose consolidation. Plaintiffs in the *LULAC Tex.* case have no position on the issue of consolidation at this time. Plaintiffs in the *OCA-Greater Houston* case stated that they were opposed to the relief requested because they did not agree that consolidation into the present case was appropriate in the circumstances. Counsel for the other defendants in these cases have not yet entered appearances and, therefore, the State Defendants were unable to confer with them regarding their positions on consolidation.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 14, 2021, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN